A. B. McChesney *et al.*

*v.*

The City of Chicago.

*Opinion filed December 20, 1900.*

1. Special assessments—*proper course where cost exceeds assessment.* If an improvement ordinance is valid but the estimate of cost proves too low, the city may provide for a supplemental assessment under section 59 of the Improvement act of 1897, in which case the first judgments stand as a *prima facie* adjudication on the question of benefits, and as a final adjudication if upon the former hearing it was specially found, in terms, that the property objected for would be benefited no more than the amount assessed against it.

2. Same—*section 56 of Improvement act of 1897 construed.* The true construction of section 56 of the Improvement act of 1897 is, that confirmation judgments are final unless reversed, or unless vacated or modified by mutual consent, or vacated by the city of its own motion upon determining to abandon the improvement.

3. Same—*city cannot vacate judgments and repeal ordinance and immediately re-enact it.* Section 56 of the Improvement act of 1897 does not authorize a city, upon discovering that the cost of an improvement under a valid ordinance cannot be met by the amount assessed as special benefits, to vacate the judgments of confirmation, repeal the ordinance, re-enact it and proceed to litigate anew the question of benefits with a view to increase the amount.

4. Same—*when orders vacating confirmation judgments are void.* Orders obtained by a city of its own motion, vacating confirmation judgments after repealing the ordinance, are void where the city does not intend to abandon the improvement, but, on the contrary, immediately re-enacts the ordinance with a view to obtain confirmation judgments for increased amounts, and such former judgments are effective as adjudications of benefits from improvement.

Appeal from the County Court of Cook county; the Hon. William T. Hodson, Judge, presiding.

F. W. Becker, for appellants.

Charles M. Walker, Corporation Counsel, Denis E. Sullivan, and William M. Pindell, for appellee.

Mr. Chief Justice Boggs delivered the opinion of the court:

On the 22d day of May, 1899, the city council of the city of Chicago adopted an ordinance providing for the construction of a brick sewer in Sixty-third street, between Ingleside avenue and Cottage Grove avenue, in said city, to be paid for by special assessments to be levied on the property benefited. On the 26th day of September, 1899, a judgment was entered in the county court of Cook county confirming a special assessment levied under said ordinance on the property set out in the assessment roll, including certain lots and tracts of land belonging to the appellants. On the 21st day of March, 1900, the said county court, on a motion entered by the appellee city, ordered and adjudged that all such judgments of confirmation be vacated and that the petition for said assessment be dismissed, it being shown to the said court that the ordinance authorizing the same had been repealed. The appellants were not notified or consulted with reference to the order vacating such judgments. On April 13, 1900, the city council of said appellee city adopted an ordinance providing for the identical improvement as did the prior ordinance, the latter ordinance being in words and figures a repetition of the former. This ordinance was based on the resolution of the board of local improvements of the city of Chicago, adopted before the motion was entered in the county court to vacate the judgments and dismiss the proceeding. Under this latter ordinance judgments were entered con-

firming a second special assessment for benefits against the same property of these appellants against which the judgments under the former ordinance were entered, and for the same improvement, but for amounts greater than the first judgment. Appellants presented a number of objections to the entry of such last mentioned judgments, but they were all overruled, and this appeal challenges the correctness of such rulings. One of these objections was, that the judgments formerly entered under the prior ordinance constituted an adjudication of the question of benefits.

The appellee city produced testimony to the effect that no bids were or could be received for the construction of the sewer for the amount estimated to be the cost thereof and assessed as benefits by the judgments rendered under the prior ordinance; that such estimate of. the cost of the improvement was too low, and that the improvement could not be completed under such assessment; that the city council determined to repeal the ordinance with the view of. immediately re-enacting it, procure the judgments entered against property under the first ordinance to be vacated, and to proceed under the new ordinance to secure an adequate estimate of the cost of the improvement and other judgments for benefits in increased amounts against the property. The position is, that under the provisions of said section 56 of the act of 1897 (Hurd's Stat. 1899, chap. 24, par. 562,) the fact the estimate of the cost of the improvement, as ascertained by the adjudication under the first of the ordinances, was too low, warranted the repeal of that ordinance, its re-enactment, the vacation of all judgments of confirmation under the first ordinance and the dismissal of all proceedings thereunder. We do not so understand said section 56, but are of the opinion that the remedy provided by the act to be resorted to by the petitioner in the event the first assessment proved insufficient is to be found in the provisions of section 59 of said act. Section 59 is as

follows: "If in any case the first assessment prove insufficient, a second may be made in the same manner, as nearly as may be, and so on until sufficient moneys shall have been realized to pay for such public improvement. It shall be no objection to such assessment that the prior assessment has been levied, adjudicated and collected, unless it shall appear that in such prior cause, upon proper issue made, it was specially found, in terms, that the property objected for would be benefited by said improvement no more than the amount assessed against it in such prior proceedings. If too large a sum shall at any time be raised, the excess shall be refunded ratably to those against whom the assessment was made."

When, as here, the ordinance providing for an improvement is valid but the estimate of the cost of the improvement proves too low, the course to be pursued by the said city is that indicated in said section 59. In such case the judgment, under the ordinance assessing the benefits to any parcel of property, stands *prima facie* as an adjudication of that question, and conclusively as an absolute adjudication, if upon the former hearing it was specially found, in terms, that the property objected for would be benefited no more than the amount assessed against it. As to any property as to which such special finding referred to was made there could be no additional assessment, and as to other property the burden would be upon the city to show that such property would be benefited in a greater amount than shown by the prior adjudication. Said section 56 does not authorize a city, on discovering that the cost of an improvement ordered by a valid ordinance to be made cannot be met by the amount assessed as special benefits to the property benefited by the improvement, to vacate adjudications of such benefits, repeal such ordinance, re-enact it, and proceed as anew to litigate that which had been judicially settled under the former ordinance. The provisions of said section 56 which counsel for appellee rely upon as au-

thority to the city to pursue such a course are as follows: "The judgments of the court shall be final as to all the issues involved, and the proceedings in said cause shall be subject to review by appeal or writ of error as hereinafter provided, and not otherwise: *Provided, however,* that by mutual consent the same may be vacated or modified at a subsequent term, except as hereinafter provided. * * * Nothing in this section contained shall interfere with the right of a petitioner to dismiss its proceedings, and for that purpose to vacate such judgment at its election at any time before commencing the actual collection of such assessment." The true construction of these provisions of the section is, that the judgments confirming assessments of benefits are final unless reversed on appeal or by writ of error, or vacated or modified by mutual consent of the parties thereto, or the petitioner shall determine to abandon the construction of the proposed improvement and dismiss the proceedings under the ordinance, in which latter event the petitioner may procure such judgments to be vacated. But a city cannot be permitted, under the guise of abandoning the construction of the improvement, to repeal the ordinance for the improvement and of its own motion vacate judgments fixing the amounts of the benefits of the proposed improvement to the property of the citizen, with the view, as here, to immediately re-enact the ordinance providing for the construction of the identical improvement, and under such latter ordinance insist the adjudications under the former proceedings shall stand for naught. It was clearly proven, and in fact proven on behalf of the city, and is conceded here by counsel for the city, it was not intended to abandon the proposed improvement, but, on the contrary, it was the intention of the appellee city to carry it forward to completion through the medium of a second ordinance in all respects identical with the first ordinance, and being merely a re-enactment thereof, and fully contemplated before the former ordinance was re-

pealed, and that such course was adopted solely for the reason it was supposed that thereby the city, under the provisions of said section 56, could avoid the effect of the judgments against appellants' property and obtain a re-assessment of the benefits of the contemplated improvements to the property of the appellants, and secure other and greater judgments under the new ordinance than it had been able to obtain under the prior ordinance. Under such circumstances it must be held the city was without power to cause such judgments to be vacated on its own motion; that the orders vacating the same are void, and such judgments in all respects are effective and in full force as adjudications of the question of benefits to the property of appellants by the construction of the sewer under the ordinance on which this proceeding is based.

The judgments appealed from must be and each are reversed, and the cause will not be remanded.

*Judgment reversed.*