LUTHER E. HAMILTON, Exr.

*v.*

THE PEOPLE *ex rel.* Raymond, County Collector.

*Opinion filed December 18, 1901—Rehearing denied February 6, 1902.*

SPECIAL ASSESSMENTS—*effect of "anti-alien labor" clause in specifications.*    A clause contained in the specifications for a special assessment improvement, restricting the contractor to employment of native-born or naturalized citizens of the United States, does not vitiate the assessment, where such clause was not a requirement of the ordinance nor of the advertisement for bids, and it does not appear that any of the bidders knew that such clause would be inserted in the specifications, or that the bidding was on the basis that alien labor could not be employed.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

JOSIAH CRATTY, for appellant.

EDGAR BRONSON TOLMAN, (CHARLES M. WALKER, Corporation Counsel, ROBERT REDFIELD, and WILLIAM M. PINDELL, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

To the application of the treasurer and *ex officio* collector of Cook county for judgment and order of sale against certain lands and lots of which the appellant's testator died seized, for the delinquent first installment of a special assessment levied under an ordinance of the city of Chicago providing for the improvement of a portion of South avenue, the appellant presented as a defense that the contract entered into by and between the city of Chicago, acting through the board of local improvements, and the R. F. Conway Company, for the construction by said Conway company of the improvement of said street so ordered by said ordinance to be made, contained the following specification and agreement: "It is hereby understood and agreed that said contractor or contractors shall not employ, nor permit to be employed by his or their sub-contractors, any person or persons other than native-born or naturalized citizens of the United States." Upon the evidence produced by the respective parties the cause was submitted to the court. The issues were found for the appellee collector, and judgment and order of sale of appellant's property ordered as prayed in the application of the collector. This record is here upon the appeal of the appellant executor.

It was developed by the proofs that the clause upon which the objection to the rendition of judgment and order of sale was based, appeared as one of the specifications of the contract entered into between the city and the successful bidder (the said Conway company) for the construction of the improvement of said street contemplated by the said ordinance of the city of Chicago. The clause referred to is not found in the ordinance provid-

ing for the making of the improvement of the street or in any general or special ordinance of the city; nor was it shown that there was any such requirement in the advertisement for bids for letting the work; or that the said clause was known to bidders or in any way affected the bidding; or that any of the bidders knew, before or at the time of the bidding, that the "alien labor" clause would be required to be inserted in the contract; or that the work was bid for by any one on the basis that "alien labor" could not be employed. It did not appear said clause was anything else than a voluntary arrangement between the city and the successful bidder after the contract had been awarded as the result of open and fair competition; that said clause in any way affected either the amount of the bids or the cost of the work, or in any way operated to the prejudice of the objector or the owner of any property assessed to pay the cost of said improvement. It was not questioned but that the said Conway company was the lowest responsible bidder in open and fair competition at a public letting of the contract, after due and legal notice, as required by law, had been given of the time and place of such letting. The amount which said Conway company became entitled to receive under the terms of the contract was not greater, but the same, as that bid by said Conway company at said public letting. We are unable, therefore, to see that the burden of taxation imposed upon the property of appellant's testator was increased or in any manner affected by the insertion of the "alien labor" clause in the contract. The addition of the clause to the specifications under which the bid was tendered by the Conway company and accepted on behalf of the city may have prejudiced the Conway company as a contractor, but the cost of the improvement to the property owner was not affected thereby. The objection was properly overruled.

The judgment of the county court is affirmed.

*Judgment affirmed.*