CHARLES P. TREAT *et al.*

*v.*

THE PEOPLE *ex rel.* S. B. Raymond, County Treasurer.

*Opinion filed February 21, 1902.*

1. SPECIAL ASSESSMENTS—*when existence of an ordinance for union labor on public work is not ground for refusing judgment of sale.* The existence of a city ordinance requiring the bidders on public improvements to agree to employ union labor only, is not ground for refusing judgment of sale for a delinquent special assessment, where neither the assessment ordinance nor the contract and specifications contain any provision for union labor, and there is no proof that the bids or contract were based upon such requirement. (*Fiske* v. *People*, 188 Ill. 206, followed.)

2. SAME—*effect of provision in contract for eight-hour day and against alien labor.* That the contract for a local improvement contains a provision against employing alien labor and prohibiting a longer day's work than eight hours is not ground for refusing judgment of sale, where no proof is made or offered that such provisions in any way affected the bidding or limited competition, or that the work was done in accordance with such provisions, or that the expense of the work was in any way increased thereby to the prejudice of the objectors. (*Hamilton* v. *People*, 194 Ill. 133, followed.)

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

The present proceeding is an appeal from a judgment of sale, entered in the county court against the property of appellants by reason of the alleged non-payment of a special assessment for improving Ridgeway avenue from Chicago avenue to Division street. The ordinance for the improvement was passed on June 12, 1899. The petition for the improvement was filed by the city of Chicago in the county court on June 12, 1899. On December 30, 1900, an order of confirmation was entered as to the property of appellants. Objections were filed by the appellants to the application for judgment of sale for such delinquent special assessment, which objections were overruled, and judgment was entered against the property of objectors in favor of the People for the amount of the special assessment, interest, penalties and costs due thereon; and it was ordered that the property of objectors be sold to satisfy said amount. Appellants excepted to the overruling of the objections, and to the entry of judgment against their lands. The present appeal is prosecuted from such judgment by the county court.

GEORGE W. WILBUR, for appellants.

EDGAR B. TOLMAN, (CHARLES M. WALKER, Corporation Counsel, ROBERT REDFIELD, and WILLIAM M. PINDELL, of counsel,) for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—The first objection, made by the appellants to the entry of judgment against their lands, was that the county court had no jurisdiction to enter a judgment of sale, for the alleged reason that, subsequently to the

confirmation of the assessment, and on October 17, 1898, the city of Chicago, in whose behalf the application for judgment of sale was made, passed an ordinance, providing that the bids or proposals for making any public improvement should contain a clause, whereby the bidder should agree to hire only members of labor unions, if there were labor unions in the city of Chicago comprising a sufficient number of persons of the class necessary for the performance of such work, and that the same clause should be inserted in the contracts to be executed by the commissioner of public works, on behalf of the city, with the contractors for such public improvement.

Upon the hearing of the cause, the ordinance of October 17, A. D. 1898, was offered in evidence by appellants, and received subject to objection, but was subsequently ruled out. The court committed no error in refusing to admit the ordinance, or in refusing to sustain the objection based thereon, and stated as above.

In *Fiske* v. *People*, 188 Ill. 206, we held that this ordinance of October 17, 1898, was unconstitutional and void, but in that case the same objection was made to the application for judgment, which is made in the case at bar, and the objection, as here made, must be held to be untenable for the reasons stated in the *Fiske case*.

There is nothing in the present record to show that anything was done under the ordinance of October 17, 1898, to the injury of the appellants. The improvement here under consideration was not made under and in pursuance of the ordinance of October 17, 1898, but under an ordinance passed on June 12, 1899. The contract for doing the work upon the present improvement was entered into on April 30, 1900. Neither the ordinance of June 12, 1899, nor the contract of April 30, 1900, nor the specifications attached to that contract, contain any provisions in regard to union labor or any allusion to union labor. It was not here shown, or offered to be shown, that any bid or proposal was made or any contract was entered

into, by the terms of which the contractor, doing the work upon this improvement, agreed to hire only persons who were members of labor unions. No proof was made, or offered, in the present case, that any such requirements, as those named in the ordinance, were in this case communicated to the bidders, or that they were required or invited to bid with notice that such a clause should be inserted in the contract or the specifications thereof. So far as appears from this record, the work, which was done, was done under a valid ordinance, to-wit, the ordinance of June 12, 1899, and not under an ordinance void and unconstitutional; and, hence, the validity of any ordinance or agreement, restricting the hiring of labor to members of labor unions, cannot be here urged as an objection to the entry of judgment of sale.

*Second*—The second objection, made by the appellants to the entry of judgment of sale against their lands, was that the county court had no jurisdiction to enter such judgment for the alleged reason that, subsequently to the confirmation of the special assessment against the property of the appellants, and prior to the construction of the improvement, the city entered into a contract with the contractor who was to make the improvement, to which were attached certain specifications to the effect that eight hours should constitute a day's labor, and that any contractor or contractors, who should compel or allow laborers or employes to work more than eight hours in one day, should be liable to have the contract forfeited, etc., and to the further effect that the contractor or contractors should not employ, or permit to be employed, any person or persons other than native-born or naturalized citizens of the United States.

In the recent case of *Hamilton* v. *People*, 194 Ill. 133, this court held that the same objection here made, so far as it refers to the alien labor clause, was untenable and had been properly overruled by the trial court. The reasons for this conclusion are fully stated in the *Hamilton*

*case,* and need not be here repeated. The same reasons, there set forth in reference to the clause in the specifications of the contract as to alien labor, apply to the clause in regard to the restriction of a day's labor to eight hours.

No proof was introduced below, or was offered, for the purpose of showing that the clauses in regard to alien labor, and in regard to a day's work of eight hours, in any way affected the bidding or limited the competition, or that the work was done in accordance with said clauses, or that the expense of the work was in any way increased to the prejudice of the appellants by reason of the insertion of the clauses in question in the specifications attached to the contract. Hence, we are of the opinion that the court below committed no error in over-ruling the objections made by appellants, based upon the insertion in the specifications attached to the contract of the alien labor and eight hour clauses.

Accordingly, the judgment of the county court is affirmed.

*Judgment affirmed.*