## Alfred B. McChesney

*v.*

## The People *ex rel.* S. B. Raymond, County Collector.

*Opinion filed December 16, 1902.*

1. SPECIAL ASSESSMENTS—*effect where a judgment confirming a new assessment is set aside.* If a judgment confirming a new assessment is reversed upon the ground that the city had no power to vacate the former judgment and that the same remained in force and was a bar to the confirmation of the new assessment, the trial court may, upon notice, vacate its order setting aside the former judgment, and may, upon application of the collector, enter judgment of sale for the non-payment of the original assessment.

2. SAME—*provisions tending to make bids less favorable to public are illegal.* Contracts for local improvements are required by law to be awarded to the responsible bidder offering to do the work for the lowest sum, and any provision in the specifications tending to increase the cost and make the bids less favorable to the property owners is illegal and void.

3. SAME—*requirement of eight hour day in a public contract is illegal.* A provision in the specifications for a local improvement which limits the right of the contractor and laborers to agree upon the number of hours to constitute a day's work, and authorizes a forfeiture of the contract if the contractor allows laborers to work more than eight hours a day, is illegal and void.

4. SAME—*free competitive bidding is a material right of the property owner.* It is a material and important right of a property owner assessed for a local improvement that there shall be free competition in bidding, unrestricted by illegal conditions, the natural tendency of which is to increase the amount of the bids.

5. SAME—*property owner must show that illegal provisions entered into the competition.* Property owners must show that the provisions restricting competition and injurious to the public actually entered into the competition in some way, but they need not show such provisions increased the cost of the work. (*Hamilton* v. *People,* 194 Ill. 133, and *Treat* v. *People,* 195 id. 196, explained.)

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

F. W. BECKER, for appellant.

WILLIAM M. PINDELL, (CHARLES M. WALKER, EDGAR B. TOLMAN, and ROBERT REDFIELD, of counsel,) for appellee.

Per CURIAM: The city council of Chicago, on the 22d day of May, 1899, passed an ordinance for the construction of a brick sewer in Sixty-third street, from Ingleside avenue to Cottage Grove avenue, in said city, to be paid for by special assessment, and a judgment was duly entered by the county court of Cook county confirming a special assessment levied under the provisions of the ordinance for the purpose of paying the cost of the improvement. Afterwards, it being impossible to procure bids for the construction of the improvement for the amount of the special assessment levied under the ordinance, it was repealed by the city council and the judgment of confirmation, on the motion of the city and without the consent of appellant, was set aside and vacated and the petition

dismissed, whereupon the city council passed a new ordinance for the same improvement and levied a special assessment for an increased amount, which was confirmed by the county court of said county, which judgment of confirmation, upon appeal to this court, was reversed. (*McChesney* v. *City of Chicago,* 188 Ill. 423.) The county court thereupon, upon notice to the appellant, set aside and vacated the judgments vacating and setting aside said former judgment and dismissing the petition, and appellant having failed to pay said assessment, the county court, upon the application of the county collector of said county and over the objection of appellant, entered judgment for sale against the lands of appellant to satisfy said special assessment, and an appeal has been prosecuted to this court.

It is first contended that there is no valid judgment of confirmation in force confirming said special assessment against appellant's property, and that the county court was without jurisdiction to enter judgment for sale of appellant's property to satisfy said special assessment. In *McChesney* v. *City of Chicago, supra,* it was held that the city, on its own motion and without the consent of appellant, was without power to cause the judgment confirming this assessment to be set aside and vacated, and that the judgment confirming this assessment was in full force and effect and a bar to the confirmation of the assessment sought to be sustained in that case, the effect of which is to leave the judgment confirming this assessment in full force and effect and just as it was when originally entered, and therefore in full force and effect at the time application for judgment for sale was made herein.

The third objection of appellant to the application for judgment was, that the contract between the city of Chicago and Nash & Dowdle, contractors, for the construction of the sewer for which the assessment was levied, provided that eight hours should constitute a day's

labor in the prosecution of the work, and prohibited work for more than eight hours in one day and also the employment of alien labor.   On the hearing the following specifications of the contract were offered in evidence:

"*Eight hours to constitute a day's labor.*—In the prosecution of the work under these specifications eight hours shall constitute a day's labor, and any contractor or contractors who shall compel or allow his or their laborers or employees to work more than eight hours in one day shall be liable to have their contract forfeited, as provided by section 1687 of the Revised Code of the city of Chicago of 1897.

"*Alien labor prohibited.*—It is hereby understood and agreed that said contractor or contractors shall not employ, nor permit to be employed by his or their sub-contractors, any person or persons other than native born or naturalized citizens of the United States."

Appellant also introduced in evidence said section 1687 of the Revised Code of said city, providing that in all contracts with the city should be expressed the provision that eight hours should constitute a day's labor, and that the contractor should not permit persons employed on the work to labor over eight hours except in case of emergency, and that any violation of such provision would authorize a forfeiture of the contract.

Section 74 of the act concerning local improvements, in force July 1, 1897, under which the assessment was levied, provides that all contracts of this amount and character shall be let to the lowest responsible bidder, and section 76 requires notice, by advertisement in a newspaper and by posting notices, that bids will be received for the construction of such an improvement, and stating where the specifications for the improvement are to be found.   (Hurd's Stat. 1899, p. 378.)   The contract is to be awarded to the responsible bidder offering to do the work for the lowest sum, and any provision tending to increase the cost and make the bids less favorable

to the public and the property owners is against public policy, illegal and void. The provision in the specifications limiting the right of the contractor and laborer to agree with each other upon the length of time which shall constitute a day's work, and authorizing a forfeiture of the contract if the contractor should allow laborers to work more than eight hours in any one day, was pronounced illegal, unconstitutional and void in *Fiske* v. *People*, 188 Ill. 206, as infringing upon the freedom of contract to which every citizen is entitled under the law. Such a provision or restriction in a competitive bidding is unlawful and against public policy,—and this is conceded by counsel for appellee. They insist, however, that to enable one whose lands have been assessed to pay for an improvement to avail himself of such an objection he must show that the existence of the provision has increased the cost of the work,—and this must be a definite showing of a financial injury to him in dollars and cents. That is not the rule. The law entitles a property owner to the security afforded by its provisions, and it is sufficient for him to show that he has been deprived of the protection which the law gives him, of having bids made upon a lawful basis and free from restrictions likely to produce a result detrimental to his interests. It would certainly be difficult, if not impossible, to prove in every instance that an illegal limitation worked unfavorably, or the amount of injury in dollars and cents resulting from it. The property owner is not obliged to show in each instance that he was prejudiced by unlawful restrictions and disregard of the law, but it is for the authorities seeking to impose the burden upon his lands to prove a substantial compliance with all of these provisions designed for his benefit. It would be just as reasonable to insist that if the requirements of competitive bidding were disregarded and the work done by hiring laborers by the day, the property owner must be able to show that the price was not reasonable or that the work

was done at a greater expense than it would have been if the law had been complied with. It is a material and important right of the property owner that there shall be free and open competition, unrestricted by illegal and unconstitutional provisions, the natural tendency of which would be to increase the cost of the work, and it is undeniable that the clauses in question in this case lay down rules which would naturally increase such cost and be detrimental to the public. The question in this case is whether it was shown that the bidding was upon the basis of this specification.

In *Hamilton* v. *People*, 194 Ill. 133, there was a clause contained in the specifications of the contract by which it was agreed that the contractor should not employ or permit to be employed on the work other than native born or naturalized citizens of the United States. The clause was not found in the ordinance providing for the improvement nor in any general or special ordinance of the city, and it was not shown that there was any such requirement in the advertisements for bids, or that the bidders knew of it. It was held that the mere fact that such a clause was found among the specifications was not sufficient evidence that it entered into the bidding in any way.

In *Givins* v. *People*, 194 Ill. 150, a like provision in the contract was made the basis of an objection, but it was not shown that it was a requirement in bidding for the work, and the fact that it was engrafted on the contract was not considered sufficient to prove that it could have affected the cost of the improvement.

In *Grey* v. *People*, 194 Ill. 486, it was shown that the general ordinance of the city required that all bids for public work in Chicago should contain a clause binding the bidder to hire only such persons in the performance of the work as were members of labor unions. It was not shown, however, that the ordinance was enforced, or that the provision entered into the competition so as to

exclude bidders who employed or desired to employ persons not members of labor unions. While the ordinance was regarded as unconstitutional and void, it was held that the proof was not sufficient to connect it with the bidding for the work.

In *Treat* v. *People,* 195 Ill. 196, the two conditions of a general ordinance and a provision in the contract were made the basis of an objection. It was the same general ordinance offered in evidence in this case and the same provision in the contract, but it was not shown that the requirements of the ordinance were enforced in the bidding, or that bidders were required or invited to bid upon such specification or with notice that it would be inserted in the contract. It was held that the objection was not good. Precisely the same condition exists here. The law requires that the notice to bidders shall state where the specifications for the improvement are to be found, but there was no showing in this case what specifications were referred to in the notice, or that they contained this clause, or that the bids were based upon the specifications contained in it.

What was said in some of the cases above mentioned with reference to showing that the cost of the work was increased by the obnoxious provisions of the contract, or that they operated to increase the burden of taxation imposed upon the property of the objector, must be understood, not as requiring proof in a particular instance of increased cost or the amount of injury inflicted upon the public, but as meaning that property owners must show that the provision restricting competition and having a tendency injurious to the public actually entered into the competition in some way. There being no evidence that the bidding was upon the specifications offered in evidence, the court was right in overruling the objection.

The judgment of the county court is affirmed.

*Judgment affirmed.*