HENRY T. GLOVER

*v.*

THE PEOPLE *ex rel.* S. B. Raymond, County Collector.

*Opinion filed February 18, 1903—Rehearing denied April 9, 1903.* 

1. SPECIAL ASSESSMENTS—*when sufficiency of objection is presented as a question of law.* An exception to the striking of objections to the entry of a judgment of sale of property for an assessment from the files before any opportunity is given to support them by evidence, presents the question of law whether such objections were sufficient upon their face.

2. SAME—*when objection that competitive bidding was unduly restricted is prima facie sufficient.* An objection, on application for judgment of sale, that the specifications for local improvement, upon which the contractors were obliged to base their bids, provided that no laborer should be allowed to work more than eight hours a day under penalty of forfeiting the contract, by reason of which the competition in bidding was unduly restricted, is *prima facie* sufficient to defeat the application for sale.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

This is an appeal from the judgment of sale for certain lots located in Cook county, Illinois, for the non-payment of a special assessment levied by the city of Chicago for water service-pipes in West Superior street, from North Forty-sixth avenue to North Fiftieth avenue, in said city. The proceedings for the special assessment were commenced and prosecuted under the Local Improvement act of 1897.

Appellant filed objections to the entry of judgment and order of sale against his property, but on motion of appellee certain of the objections were by the county court stricken from the files. The objections so stricken off were as follows:

"(2) For that the specifications covering the work called for by the ordinance for said alleged improvement, upon which specifications the contractors made their

201—35

bids and which such contractors were obliged to accept, contained a provision that eight hours should constitute a day's labor and that no laborers employed by such contractors should be allowed to labor more than eight hours per day, and that any violation of such provision should be ground for forfeiture of the contract; that said specifications also contained the limitation that no laborer should be employed upon said work unless he was a citizen of the United States or had declared his intention to become such; and that by reason of such restrictions the bids upon said work were limited to such contractors as employed only citizen labor and who would agree that eight hours only should constitute one day's labor, by reason whereof the competition in bidding for said work was not such as is contemplated by the statute in that regard, and the proceedings with reference to said contract were not in accordance with the statute covering the advertising and posting of notices for bids upon such work and the letting of contracts therefor.

"(3) For that by reason of the restrictions and limitations contained in the specifications attached to the proposal of the contract there was not free and unrestricted competition for the contract.

"(4) For that said bidding and letting of said contracts was contrary to law, in that it unjustly and arbitrarily discriminated between persons of the same class in designating whose bid would be received and considered in the letting of the contract.

"(5) For that the provisions contained in the specifications upon which the contract was let include restrictions which constitute a discrimination between different classes of citizens, and are of such a nature as to restrict competition and to increase the cost of the work.

"(6) For that the restrictions contained in the specifications under which said contract was let were in conflict with the constitution of the State, and constitute an

infringement upon the constitutional rights of the citizens of the State.

"(7) For that the entry of a judgment herein, and the sale of this objector's property thereunder, would constitute a taking of private property without due process of law."

The remainder of the objections were overruled by the county court and judgment of sale was entered against the property of appellant, as prayed for by the county collector. An appeal was prayed from said judgment of the county court, and allowed, and the present hearing is upon said appeal.

MARSTON & TUTTLE, for appellant.

EDGAR BRONSON TOLMAN, (CHARLES M. WALKER, ROBERT REDFIELD, and WILLIAM M. PINDELL, of counsel,) for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

Prior to the hearing of this cause in the county court, and in apt time, appellant filed the objections set forth in the foregoing statement. The cause came on for a hearing, and appellee offered all the formal proofs showing sufficient compliance with the law to entitle the People to a judgment for the sale of the property in question unless the matters set forth in the objections above mentioned were sufficient to defeat the right to such judgment of sale. On motion of appellee, made at the close of the evidence for the People, and without any hearing thereon or without giving appellant opportunity to produce evidence in support of said objections, they were stricken from the files. The court heard evidence upon other objections, which are contained in the record, and rendered judgment of sale. Appellant prayed this appeal, and the only matters discussed or errors insisted upon is the action of the court in striking these objec-

tions from the files. There is evidence in the record tending to support these objections, but it was not admitted under them, as they were out of the record before such evidence was offered, or allowed to go to the court at all. It is therefore plain that in considering the errors insisted upon relative to these objections we can only look to the objections themselves, and are only called upon to determine whether the objections, on their face and by their terms, state enough that, should they be supported by sufficient evidence, they would be a bar to the judgment.

The power to restrict, by law, the right of an individual to contract for his services or labor for a longer period than eight hours in each day was fully considered by us in *Ritchie* v. *People,* 155 Ill. 98, where we held that an act of the legislature which sought to prohibit the employment of any female in a factory or work-shop more than eight hours in any one day, or forty-eight hours in any one week, was unconstitutional and void, because, among other things, the right to contract is a right of property, of which the legislative authority could not deprive the individual. And applying that principle, we held in *Fiske* v. *People,* 188 Ill. 206, that a provision in a contract between the city and the contractor which provided that "any contractor or contractors who shall compel or allow laborers or employees to work more than eight hours in one day shall be liable to have this contract forfeited," was unconstitutional and void.

In *Treat* v. *People,* 195 Ill. 196, we considered an objection which was like objection No. 2 in the statement above, and which went to the alleged illegality of the contract because of a provision making eight hours a day's labor and prohibiting the employment of any person other than a native born or naturalized citizen of the United States, and we there held that the objections were untenable for the reason that the record failed to

show that evidence had been introduced below, or offered, establishing the fact that the clauses in regard to alien labor and in regard to a day's work of eight hours in any way affected the bidding or limited the competition, and also failed to show that the work was done in accordance with said clauses or that the appellants were in any manner prejudiced by reason of such provisions. Whenever these provisions have been presented to us, whether in statutes, ordinances or contracts, we have not hesitated to pronounce them void, but the only difficulty that was found was in the application of that rule to the objections made, or, in other words, the difficulty has been that the objectors have not brought themselves within the requirement of showing that the provisions complained of did or could injuriously affect them.

In *McChesney* v. *People*, 200 Ill. 146, the same objections now urged were again before us and were very fully considered. In the discussion we said (p. 149): "The contract is to be awarded to the responsible bidder offering to do the work for the lowest sum, and any provision tending to increase the cost and make the bids less favorable to the public and the property owners is against public policy, illegal and void. The provision in the specifications limiting the right of the contractor and laborer to agree with each other upon the length of time which shall constitute a day's work, and authorizing a forfeiture of the contract if the contractor should allow laborers to work more than eight hours in any one day, was pronounced illegal, unconstitutional and void in *Fiske* v. *People*, 188 Ill. 206, as infringing upon the freedom of contract to which every citizen is entitled under the law. Such a provision or restriction in a competitive bidding is unlawful and against public policy,—and this is conceded by counsel for appellee. They insist, however, that to enable one whose lands have been assessed to pay for an improvement to avail himself of such an objection he

must show that the existence of the provision has increased the cost of the work,—and this must be a definite showing of a financial injury to him in dollars and cents. That is not the rule. The law entitles a property owner to the security afforded by its provisions, and it is sufficient for him to show that he has been deprived of the protection which the law gives him, of having bids made upon a lawful basis and free from restrictions likely to produce a result detrimental to his interests. It would certainly be difficult, if not impossible, to prove in every instance that an illegal limitation worked unfavorably, or the amount of injury in dollars and cents resulting from it. The property owner is not obliged to show in each instance that he was prejudiced by unlawful restrictions and disregard of the law, but it is for the authorities seeking to impose the burden upon his lands to prove a substantial compliance with all of these provisions designed for his benefit. It would be just as reasonable to insist that if the requirements of competitive bidding were disregarded and the work done by hiring laborers by the day, the property owner must be able to show that the price was not reasonable or that the work was done at a greater expense than it would have been if the law had been complied with. It is a material and important right of the property owner that there shall be free and open competition, unrestricted by illegal and unconstitutional provisions, the natural tendency of which would be to increase the cost of the work, and it is undeniable that the clauses in question in this case lay down rules which would naturally increase such cost and be detrimental to the public. The question in this case is whether it was shown that the bidding was upon the basis of this specification."

Testing the objections which the court struck from the files by the foregoing holdings of this court, upon the questions raised by them, did the court properly strike them, or should they have been permitted to stand and

evidence be introduced under them? In the objections themselves we find this language: "That the specifications covering the work called for by the ordinance for said alleged improvement, upon which specifications the contractors made their bids and which such contractors were obliged to accept, contained a provision," and then the two provisions above referred to are set out. The objection further says: "And that by reason of such restrictions the bids upon said work were limited to such contractors as employed only citizen labor and who would agree that eight hours only should constitute a day's labor, by reason whereof the competition in bidding for said work was not such as is contemplated by the statute in that regard, and the proceedings with reference to said contract were not in accordance with the statute covering the advertising and posting of notices for bids upon such work and the letting of contracts therefor." The objections further state that by reason of the restrictions in the specifications there was not free and unrestricted competition for the contract, and that the bidding and letting of said contract unjustly and arbitrarily discriminated between persons of the same class in designating whose bid would be received and considered in the letting of said contract. It seems to us that these objections were sufficiently specific to support proof, if it existed, that would bring appellant clearly within the rule announced by this court in the cases above mentioned, and if such proof had been offered it would have been a bar to the judgment that was entered.

Such being our view, we hold that the county court erred in sustaining the motion to strike, and in striking, these objections from the files, and the judgment of the county court is therefore reversed and the cause is remanded for further proceedings in conformity with this opinion.                    *Reversed and remanded.*