## W. L. DeWolf & Co.

### *v.*

## The People *ex rel.* S. B. Raymond, County Collector.

*Opinion filed February 18, 1903—Rehearing denied April 14, 1903.*

1. Special assessments—*when illegal provisions of contract do not affect assessment.* Illegal provisions in the contract for a public improvement, limiting a day's labor to eight hours and prohibiting the employment of aliens, do not vitiate the assessment if they were not a part of the specifications upon which the bids were based and did not affect the competitive bidding.

2. Same—*court will not presume that specifications contained illegal provisions of contract.* The courts will not presume that the specifications referred to in the proposal upon which bids for a public improvement were based contained illegal provisions restricting the right of contract, even though such provisions appear in the specifications set forth in the contract.

Appeal from the County Court of Cook county; the Hon. Orrin N. Carter, Judge, presiding.

George W. Wilbur, for appellants.

Edgar Bronson Tolman, (Charles M. Walker, of counsel,) for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is an appeal from the county court of Cook county to reverse a judgment of sale for the first installment of a special assessment for improving Pearce street, in the city of Chicago. Upon application by the county collector for a judgment against appellants' property as delinquent they filed objections and introduced evidence, but the objections were overruled.

It is first insisted that the contract under which the improvement was constructed was illegal because it contained clauses limiting a day's labor to eight hours and prohibiting the employment of aliens. No cases are cited by counsel which sustain this view. The presence of such

clauses in the contract perhaps may have prejudiced the contractor who constructed the street improvement, but if those clauses were not a part of the specifications upon which the bidding for the work was based and did not affect the amount of the bid or the cost of the work, their presence in the contract could not operate to the prejudice of the owner of the property assessed to pay the cost of the improvement, and he could not complain. *McChesney* v. *People,* 200 Ill. 146; *Hamilton* v. *People,* 194 id. 133.

However, it is also contended in this case that the printed and published advertisement for the work required the bids to be according to specifications which contained these clauses. The record does not sustain this contention. The proposal introduced in evidence was for the construction of this improvement "according to plans and specifications on file for each of said improvements in the office of the board of local improvements," but nowhere in the record can we find the plans and specifications here referred to, and we are unable to ascertain whether they contain the obnoxious clauses or not. (*McChesney* v. *People, supra.*) True, they appear among the specifications set forth in the contract, but in the absence of any proof we will not presume they appeared in the specifications referred to in the proposal upon which the bids for the work were based. As was said in *Hamilton* v. *People, supra,* from the facts disclosed by the record "it did not appear said clause was anything else than a voluntary arrangement between the city and the successful bidder after the contract had been awarded as the result of open and fair competition." See, also, *Treat* v. *People,* 195 Ill. 196.

The judgment of the county court will be affirmed.

*Judgment affirmed.*