FRANKLIN J. BERRY

*v.*

THE PEOPLE *ex rel.* S. B. Raymond, County Collector.

*Opinion filed April 24, 1903.*

1. SPECIAL ASSESSMENTS—*confirmation judgment must be void to be open to collateral attack.* If the court has jurisdiction to enter a confirmation judgment, and the same is entered over the property owner's objection, the judgment cannot be collaterally attacked unless subsequent proceedings have rendered it void.

2. SAME—*city cannot vacate judgment and obtain another for the same improvement.* A city has no power, after having obtained a judgment confirming a special assessment, to vacate such judgment of its own motion, pass a new ordinance for the same improvement and cause a new assessment to be confirmed against the same property, but the first judgment remains in full force and effect.

3. SAME—*when property owner is estopped to insist that judgment is void.* If a property owner objects to the entry of a second judgment of confirmation upon the ground that the ordinance provides for the same improvement for which the first judgment was entered, and such objection is sustained, he is estopped to question the validity of the first judgment upon application for judgment of sale to collect the same.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

SAMUEL J. HOWE, for appellant.

EDGAR BRONSON TOLMAN, (CHARLES M. WALKER, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county overruled the objections of appellant to the application of the county collector for judgment and order of sale for a delinquent special assessment levied by the city of Chicago to pay for a water supply-pipe in Michigan avenue, and entered judgment against the lands of appellant. The objections

were on the ground that there was no valid judgment of confirmation in existence upon which the warrant for the collection of the assessment was based.

The facts were agreed upon, and were as follows: On September 26, 1898, an ordinance was passed for laying a water supply-pipe in the avenue, of the weight of thirty-four pounds per lineal foot, and on October 24, 1898, a petition was filed in the county court to confirm a special assessment to pay for the same. Appellant filed objections, which were overruled, and judgment was entered against his property on May 9, 1899. The city did not proceed with the improvement, and on March 5, 1900, an ordinance was passed identical with the former ordinance, except that the pipe was to weigh thirty-five pounds per lineal foot. This ordinance repealed all former ordinances in conflict with its provisions. On March 21, 1900, the county court, on motion of the city, entered an order reciting the passage of the second ordinance and vacating all judgments under the former petition and dismissing said petition. A petition was filed in the county court under the second ordinance, to confirm a special assessment to pay for the improvement, and appellant objected to the second assessment on the ground that the former judgment was *res judicata* as to his lands, and this objection was sustained and judgment refused as to such lands, but judgment of confirmation was entered as to all other property in the roll. Afterward, on March 13, 1901, the county court, over the objection of appellant, set aside the order purporting to vacate the judgment of confirmation in the first proceeding against his property. The contract for the improvement was let after the confirmation of the second assessment, which was against all the property except that of appellant. A warrant was issued against the lands of appellant for the collection of the first judgment of confirmation, and as to all other property a warrant was issued on the second judgment.

The objections of appellant in this collateral proceeding to collect the judgment could only be sustained on the ground that such judgment was void. The county court had jurisdiction to enter the judgment confirming the special assessment against the lands of appellant, and it was entered after a hearing of his objections, and was valid when entered. This is not denied, and the judgment is still valid and in full force and effect unless it became void by reason of the subsequent proceedings. The city had no power, after having obtained a judgment of confirmation of a special assessment, to pass a new ordinance for the same improvement and cause a new assessment to be levied against the same property. The property owners could not be compelled to litigate a second time the question of benefits for the same improvement. (*McChesney* v. *City of Chicago*, 188 Ill. 423.) When the second ordinance was passed it was identical with the former one, except in the slight and unsubstantial difference of one pound increased weight in each lineal foot, and when the city sought the confirmation of a new assessment, appellant objected that it was the same improvement and there was already an existing judgment against his lands to pay for it. The question whether it was the same improvement was raised at his instance and determined by the court in his favor, and he will not now be permitted to insist that the second ordinance did not provide for the same improvement as the first. His attitude now is that the former judgment, which he then insisted was a valid existing judgment, is void, and if the second ordinance was for the same improvement as the first, as he insisted when his objection was sustained, the judgment is not void. The city could not, of its own motion, without his consent, cause that judgment to be set aside or vacated, and it remained in full force and effect. That being so, there is no obstacle to its collection. *McChesney* v. *People*, 200 Ill. 146.

The judgment of the county court is affirmed.

*Judgment affirmed.*