WILLIAM A. DOYLE *et al.*

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Collector.

*Opinion filed December 16, 1903—Rehearing denied February 16, 1904.*

SPECIAL ASSESSMENTS—*effect of anti-alien labor clause in specifications.* The presence in the specifications for a public improvement of a clause prohibiting the employment of alien labor does not invalidate the special assessment, on application for a judgment of sale, unless the objector can show that such provision in some way actually entered into the competitive bidding. (*McChesney* v. *People*, 200 Ill. 146, followed.)

APPEAL from the County Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

GEORGE W. WILBUR, for appellants.

ROBERT REDFIELD, and WILLIAM M. PINDELL, (EDGAR BRONSON TOLMAN, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of sale entered on August 3, 1903, in the county court of Cook county, for the first installment of a special assessment for paving VanBuren street from Paulina street to Kedzie avenue, in the city of Chicago.

It is urged on behalf of the appellants that the court erred in not admitting in evidence the record of the first resolution of the board of local improvements originating this improvement, which was offered for the purpose

of showing that it did not contain an itemized estimate of the cost of the proposed improvement, as required by the law. The record in this case, so far as this matter is concerned, is in precisely the same condition as the record in the case of *Gage* v. *People ex rel.* (*ante*, p. 61,) appealed from a judgment entered on the same day in the same county court as is the case before us. In that case the appellant made precisely the same point in this regard as is made by appellants in the case now before us, and in considering this point we have availed ourselves of the briefs filed in both cases, and we have in the *Gage case* fully stated our reasons for holding the offered evidence to have been properly excluded. It is unnecessary to repeat those reasons here.

The specifications providing for the improvement involved in the case at bar contain this provision: "It is hereby understood and agreed that said contractor or contractors shall not employ, nor permit to be employed by his or their sub-contractors, any person or persons other than native born or naturalized citizens of the United States." In the advertisement for bids and in the proposal of the successful bidder, reference was made to these specifications, and in the proposal it was stated that it was in accordance with such specifications, and a copy of such specifications was appended to the contract and made a part thereof. For the apparent purpose of showing that this provision restricted competition among possible bidders or actually entered into the competition in some way, appellants took the testimony of two witnesses, John A. May and Joseph Downey. May testified that he had been superintendent of special assessments of the city of Chicago continuously since January, 1899, and that he was, at the time of testifying, a member of the board of local improvements of that city; that the specifications used were partly written and partly printed; that the printed part was a printed blank of a kind which had been used by the city for several years

on which to prepare specifications for improvements of this character; that in the printed part of these specifications was contained this alien labor clause and also a clause providing that men employed in making the improvement should not work more than eight hours per day, which is commonly known as the eight-hour clause; that in preparing specifications for this improvement the eight-hour clause was stricken out, and that the alien labor clause was left in the specifications by an error or oversight of the engineer, the purpose being to strike out both clauses because of a reference to them made by this court. The witness further stated that this so-called alien labor clause had never been in any way enforced by the city, although it had been found in the specifications for many improvements; that it had been absolutely ignored by the city, and that this fact was known generally among contractors engaged in constructing local improvements in the city of Chicago. It appeared from the testimony of Joseph Downey that he had been commissioner of public works of the city of Chicago, and, as such, was at the head of the improvements department of the city, and had been engaged in the business of contracting for public improvements other than street paving. He stated that in his judgment if the alien labor clause was enforced the cost of making the improvement would be somewhat increased; that he did not know whether in contracts of this character the alien labor clause had any effect upon the bidding. On the part of appellee the testimony of a number of witnesses engaged in the business of street paving, by contract, in the city of Chicago, was taken, and this testimony shows that shortly after this alien labor clause first appeared in specifications used by the city of Chicago for the construction of local improvements, which was about 1896, the matter was discussed at a meeting of a number of contractors, at which Mr. Moody, then deputy commissioner of public works of the city of Chicago, was present;

that the conclusion there reached was, that the provision was one which could not be enforced; that similar provisions had been found in specifications for local improvements made by the city of Chicago from that time down to the present, but had never been enforced, and had been uniformly disregarded both by the city and the contractors, and were not taken into consideration by the contractors in bidding for the contracts for constructing local improvements, and that the amount of such bids would be the same, under existing circumstances, whether such provision was contained in the specifications or not.

Upon consideration of all the testimony offered on this subject, we are of opinion that the objector failed to show that this provision entered into the competition for the contract in any way, and following the reasoning adopted by us in *Gage* v. *People ex rel. supra,* we therefore hold that the provision was not the basis for a meritorious objection.

Appellants regard this contract as obnoxious to public policy on account of this provision, and have referred us to a number of authorities where courts of last resort have refused to enforce contracts for the construction of local improvements which were being made by special assessment, for the reason that such contracts were invalid, either because they contained some provision that was against public policy, or because the law had not been strictly followed by the city in taking the steps preliminary to the execution of the contract itself. We do not consider these cases as of importance in this litigation, for the reason, among others, that we regard ourselves committed by the case of *McChesney* v. *People,* 200 Ill. 146, to the doctrine there announced, which we have followed in *Gage* v. *People, supra,* and which leads us to the conclusion on the question here presented which we have above stated.

The judgment of the county court of Cook county will be affirmed.                    *Judgment affirmed.*