THE TOWN OF CICERO

*v.*

ANDREW H. GREEN *et al.*

*Opinion filed June 23, 1904—Rehearing denied October 15, 1904.*

1. SPECIAL ASSESSMENTS—*when property is not subject to a supplemental assessment.*  A verdict of the jury, upon the question of benefits in a special assessment proceeding, that the property is not assessed more nor less than it will be benefited by the improvement nor more nor less than its proportionate share of the cost, is *res judicata* upon the question of benefits, and the property is not subject to supplemental assessment.

2. SAME—*street improvement is not confined to surface work.*  A proceeding for improving a street by special assessment is not limited to the improving of the surface as a highway, but includes all improvements usually placed in streets which are of a character to be paid for by special assessment.

3. SAME—*release in contractor's vouchers does not preclude a supplemental assessment.*  The release of the city's liability provided by section 63 of article 9 of the City and Village act to be contained in vouchers issued to the contractor for work to be paid for by special assessment, does not preclude a supplemental assessment in case of a deficiency in the original assessment.

4. SAME—*extras must be within general terms of original description.*  Where the items constituting the extras on a local improvement are not apparently provided for in the ordinance, the city must show that they come within the general terms of the original description of the improvement or they cannot be paid for out of the assessment levied for the improvement.

211—16

5. SAME—*interest on contractor's vouchers is part of the cost of the improvement.* Interest upon the vouchers issued to the contractor for a local improvement to be paid for by a special assessment is part of the cost of the improvement.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

ROSS C. HALL, (FRANCKE C. ELLIOTT, of counsel,) for appellant.

LOUIS M. GREELEY, G. S. THOMPSON, CHARLES T. MASON, GEORGE A. MASON, JAMES MCCARTNEY, and F. W. WILLIAMS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A special assessment to pay for laying water supply-pipes in certain streets within the town of Cicero was confirmed by the county court of Cook county in 1893. A contract for the improvement was let and it was completed and warrants for the amount due the contractor were issued to him. The assessment was payable in five annual installments, the last of which became due in 1898, and all were collected. On May 22, 1900, the petition in this case was filed by appellant in said county court for the levy of a supplemental assessment, on the ground that the former assessment was insufficient to pay for the improvement. The territory in which the improvement had been made was afterward detached from the town of Cicero to form the village of Berwyn. Appellees filed objections to the supplemental assessment and their objections were sustained, and, judgment being refused, the town of Cicero appealed.

One of the objections sustained related only to property for the owners of which Louis M. Greeley appeared as attorney. He filed an objection that the amount which the said property would be specially benefited by the improvement was fixed by the judgment of confirmation in

the original assessment proceeding, and that no further sum could be assessed against such property. In support of this objection it was proved on the hearing that upon a trial by jury of the question of benefits in the original proceeding a verdict was returned that the property was not assessed more nor less than it would be benefited by the proposed improvement nor more nor less than its proportionate share of the cost of such improvement, and judgment was entered against the property on that verdict. That was a finding in terms, upon issue formed, that the original assessment was the precise amount to which the property would be specially benefited, and that it would be benefited by the improvement no more than the amount assessed against it. The question of benefits as to such property was therefore *res judicata*. The right to assess property for local improvements is measured by the amount of benefits, and when they have been finally and conclusively determined and the amount paid the power is exhausted. The appellant was estopped to again litigate the question of benefits in this proceeding for a supplemental assessment. (*Goodwillie* v. *City of Lake View*, 137 Ill. 51; *McChesney* v. *City of Chicago*, 188 id. 423.) In the case of *Cody* v. *Town of Cicero*, 203 Ill. 322, there had been no finding, in terms, that the property of the objector had previously been assessed as much as it would be benefited. As to the property objected for on said ground the judgment was right and is affirmed.

One objection on behalf of the remaining property was, that there could be no supplemental assessment to pay the cost of the improvement for the reason that the territory in which it was located was no longer within the limits of the town of Cicero. Eighteen months after this proceeding was begun, and while it was pending, said territory was detached from the town of Cicero and included within the village of Berwyn under an act providing therefor. Section 10 of that act provided that when proceedings had been instituted for the purpose of

improving any streets within such detached portion by special assessment or special taxation, such proceedings might be carried to a finality. (1 Starr & Cur. Stat. p. 802.) It is insisted by appellees that a proceeding for the purpose of improving any street applies only to the improvement of the street in its character as a highway, and does not include the laying in the street of water supply-pipes. To give the statute a construction so narrow would lead not only to injustice, but to consequences that were certainly never contemplated by the legislature. No possible reason can be suggested why the legislature should provide for continuing a proceeding to pay for the improvement of the surface of the street that would not apply to sewers, water pipes and other improvements laid in the street and equally beneficial to the adjoining property. We would not, unless for the clearest reasons, construe a statute so as to work such injustice and defeat the collection from property owners of an amount justly due for benefits conferred upon their property. The language of the statute is not strictly limited to surface improvements of a street, and in the broadest popular sense a street is only completely improved when it has all those improvements which are usually placed in streets. The only reasonable construction which we can give to the statute is, that it includes improvements usually placed in streets of a character to be paid for by special assessment or special taxation. The disconnection of the territory from the town of Cicero did not defeat or suspend the proceeding.

It is also urged that no supplemental assessment can be levied for the reason that the vouchers issued to the contractors contained the release provided by section 63 of article 9 of the City and Village act, under which the improvement was made. That section provided that the vouchers should contain a release of any and all claims or liens against the municipality for the payment of the vouchers except the collection of the installment

therein named. (1 Starr & Cur. Stat. p. 783.) The next section provides that a person accepting the vouchers shall have no claim or lien for the payment of the same upon the municipality except from the collection of said installments, and appellees contend that if an assessment against which the vouchers are drawn proves insufficient, the contractor can have no remedy. The purpose of those provisions is to free the municipality from any liability to the contractor except to collect assessments lawfully made to pay him. Section 47, by which this proceeding is authorized, provides that if, in any case, the first assessment prove insufficient, a second may be made in the same manner, as nearly as may be, and so on until sufficient moneys shall have been realized to pay for the public improvement. When the sections are read together there cannot be much doubt as to their meaning. The vouchers are not, in fact, payment, but only a means of obtaining payment by the collection of the special assessment, and the release of the municipality does not estop the contractor from obtaining payment by a supplemental assessment if the actual cost of the improvement exceeds the first assessment. The release is only a relinquishment of claims against the city, town or village, and does not have the effect to prevent a supplemental assessment.

It is further contended that there was no deficiency, and that the amount originally levied was sufficient to pay for the improvement. The case was mainly tried upon a stipulation of facts between the parties, by which it was agreed that the total amount of vouchers issued to the contractor for the improvement, and extras, was $54,414.07, interest on the vouchers $9045.80, and other sums for expense of levying the assessment, inspection, engineering, and collecting and disbursing the assessment, making a total of $66,140.35; that the entire amount of the original assessment was collected, the total amount so collected being $56,122.83, leaving a deficiency of

$10,017.52. The amount paid to the contractor under the name of extras was $1487.69. Of that amount $325 was for hydrants, and there was no account by the, city or evidence as to what the remainder was for. Appellees insist that the amount allowed for hydrants should not be charged against the assessment, and that in the absence of proof the other extras should not be so allowed. The estimate; and its approval by the board of trustees, afforded *prima facie* evidence of the alleged deficiency. (*Cody* v. *Town of Cicero,* 203 Ill. 322.) But it was shown that the town paid $325 for hydrants and $1104.24. for other extras not specified, and, so far as appears, not a part of the original improvement. It is not required that the original description of an improvement shall be so minute as to mention every detail, and those things which are fairly included within the terms used will be regarded as within the description. (*People* v. *McWethy,* 177 Ill. 334.) Those things that are not fairly included within the general terms of the original description can not be paid for out of an assessment levied to pay for the improvement. The original ordinance does not provide for any fire hydrants, and apparently they are not within the description of cast-iron water supply-pipes. As to the extras the *prima facie* case was overcome, and it devolved upon the town to show that they came within the description of the original improvement.

There was an item of $1024.45 for collecting and disbursing the assessment, which appellees contend should not be allowed. Under the statute governing the. proceeding that was a proper charge.

Appellees also contend that the interest on the contractor's vouchers, amounting to $9045.80, cannot be considered part of the cost of the improvement, and that there is no deficiency unless it is based upon that item. The stipulation was that the entire amount of the original assessment was collected, and that it amounted to $56,122.83. Section 55 of the act provided for dividing

the assessment into installments, the first of which should not exceed twenty-five per cent of the assessment and the remaining portion to be divided into four equal installments, bearing interest at the rate of six per cent per annum. (1 Starr & Cur. Stat. p. 781.) Section 63 provided that the vouchers should bear the same rate of interest as the installments, and it was intended that the interest on the installments and the interest on the vouchers should equal each other. The total amount collected, according to the stipulation, necessarily included the interest, and where payments are deferred the interest is as much a part of the cost of the improvement as the principal. The contractor is as much entitled to the interest on the voucher as he is to the principal. (*People v. City of Chicago*, 152 Ill. 546.) In case of a partial payment upon an interest-bearing obligation exceeding the interest, the payment is first applied to satisfy interest due and the balance on the principal. The cost of the improvement is the total amount paid for it, and whatever remains unpaid is a deficiency.

Appellees say that $11,731.25 was assessed against the town of Cicero as public benefits and that the town never paid the same, and is seeking, under the guise of a supplemental assessment, to put that burden upon owners of private property. They admit, however, that this is not shown by the record, and, of course, we cannot assume the existence of things not proved or contained in the stipulation. According to the stipulation and the evidence in the record there was a deficiency, for which a supplemental assessment could properly be levied, and the county court erred in sustaining the objections and refusing judgment.

The judgment of the county court is affirmed as to property objected for by Louis M. Greeley, covered by the verdict and judgment in the original proceeding, and as to all other property the judgment is reversed and the cause is remanded to the county court.

*Affirmed in part and remanded.*