THE VILLAGE OF OAK PARK, Appellant, *vs.* S. F. ELDRED *et al.* Appellees.

*Opinion filed December 16, 1914.*

1. SPECIAL ASSESSMENTS—*effect of a special finding that property is benefited no more than amount assessed.* If a judgment confirming a special assessment contains a special finding that the property is benefited no more than it is assessed, such finding is a bar to any supplemental assessment to pay a deficiency in the cost of the improvement.

2. SAME—*when it is error to find specially that the property is benefited no more than assessed.* Before the court is authorized to incorporate in a judgment of confirmation a special finding that the property is benefited no more than it is assessed there must be an issue made and a hearing had on evidence presented under such issue, and it is error to make such finding upon the mere statement of counsel for the property owner that he tenders such issue and desires the court to make a finding thereon.

APPEAL from the County Court of Cook county; the Hon. J. E. HILLSKOTTER, Judge, presiding.

FREDERICK W. PRINGLE, for appellant.

WILLIAM T. HAPEMAN, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This was a proceeding for a special assessment to pay for the paving of Home avenue, in the village of Oak Park. This appeal is by the village, and presents the question whether the court erred in specially finding in the judgment of confirmation that appellees' property was benefited no more than the amount assessed against it. The entire as-

sessment proceeding is regular and neither party is complaining of any error that affects the validity of the present assessment.

Appellant contends that the effect of the finding that appellees' property is benefited *no more* than the amount assessed against it will relieve the property from any supplemental assessments that may hereafter become necessary. Appellant does not question the power of the court, in a proper case, to make a special finding in its judgment confirming an original assessment to the effect that any property will not be benefited more than is assessed against it in such original assessment, but the complaint here is that the court made such a special finding in respect to appellees' property in an irregular and erroneous manner. On the hearing appellant offered its formal proof and rested its case, and thereupon appellees introduced testimony on certain of their legal objections, all of which were overruled, and the case was then called upon the question of benefits. Thereupon the appellees orally stated to the court that they tendered the issue that their property was benefited no more than the benefits which were assessed against it but offered no proof to support such issue. Appellant objected to any finding being made upon the question whether the benefits to appellees' property were equal to the assessment made against it, and after the court had indicated that a finding of that character would be made, appellant then asked leave to introduce evidence showing that the benefits to appellees' property were greater than the amount of the original assessment. The court refused to hear such evidence and over the objections of appellant entered the judgment of confirmation, including therein a special finding that appellees' property was benefited no more than the amount assessed against it.

Section 59 of the Local Improvement act of 1897 provides, *inter alia,* that "it shall be no objection to such assessment [supplemental assessment] that the prior assessment

has been levied, adjudicated and collected unless it shall appear that in such prior cause upon proper issue made, it was specially found in terms, that the property objected for would be benefited by said improvement no more than the amount assessed against it in such prior proceedings." The effect of a judgment of confirmation is to establish, *prima facie,* that the property assessed is benefited only to the extent of the assessment, and upon an application for the confirmation of a supplemental assessment the burden of showing that there is an excess of benefits over the original assessment rests upon the municipality, (*McChesney* v. *City of Chicago,* 188 Ill. 423,) and if the judgment of confirmation in the original proceeding includes a special finding that a given piece of property is benefited no more than the amount of such original assessment, the question of benefits as to such property becomes *res judicata* and such property cannot be further assessed by a supplemental proceeding instituted for the purpose of paying a deficiency in the cost of the original improvement. (*Town of Cicero* v. *Green,* 211 Ill. 241; *Sheriffs* v. *City of Chicago,* 213 id. 620.) The effect, therefore, of inserting in the judgment of confirmation a finding that property is benefited no more than the amount assessed against it is to erect a bar against any future supplemental assessments that may become necessary to complete the improvement. The statute gives no hint of the manner in which the issue shall be tendered or the proper method of procedure when such issue is made, and so far as we are advised the construction of the clause of the statute above quoted has not heretofore been determined by this court. Whatever else the statute may mean, it certainly cannot be contended that such special finding may be made in regard to any property simply upon counsel for the property owner stating in open court that he tenders such issue and requests the court to make such finding. That course was pursued in the case at bar. The making of an issue implies that there is some material matter as-

serted on one side and denied on the other, and where such issue is joined in any legal proceeding it follows that there is something to be determined. In *Town of Cicero* v. *Green, supra,* such issue was made and tried by a jury, and this court, without commenting on the procedure, held that a verdict of a jury upon the question of benefits that the property is not assessed more nor less than it will be benefited by the improvement nor more nor less than its proportionate share of the cost, and a judgment based thereon, were *res judicata* on the question of benefits and exempted the property from all supplemental assessments for such improvement. Logically and necessarily, when such issue is made, if the municipality desires to contest it there should be a trial of the question by a jury, or, if the parties so agree, by the court, and each party should have the privilege of introducing evidence. In regard to the manner of making up such issue the statute is entirely silent. The method pursued in the case at bar was merely an oral altercation between the attorneys, but no objection seems to have been made below as to the method of procedure in this regard, and while, in our opinion, the better practice would be to reduce the issue to writing, still, where the parties do not object to the confirmation of an oral issue, we would not be inclined to reverse a judgment for this irregularity, alone. In the case at bar, as already shown, the only proceeding upon which the special finding and the judgment rest is the oral statement of counsel for appellees to the effect that he desired to present the issue that the property was benefited no more than the assessment, and upon this request the court incorporated such special finding in its judgment. In this the court erred, for which error the judgment of the county court of Cook county must be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.　　　　*Reversed and remanded.*