BYRON L. SMITH

*v.*

THE CITY OF CHICAGO.

*Opinion filed November 8, 1897.*

</div>

<div align="right">

169  257
173  432

169  257
d182 316

169   257
203  ¹452

169   257
d207  547

</div>

1. SPECIAL ASSESSMENTS—*assessment for a local improvement must be based on a valid ordinance.* To justify the confirmation of a special assessment to pay for a local improvement there must be a valid ordinance authorizing that particular improvement, properly describing its nature, character and locality.

2. SAME—*description in ordinance must be consistent with the title and enacting clause.* An assessment ordinance directing that *"electric lamp-posts* be and they are hereby ordered erected" on a certain street, does not authorize an assessment to pay for *lamps and fixtures* provided for in subsequent sections of the ordinance describing the nature, character and locality of the improvement.

APPEAL from the County Court of Cook county; the Hon. RICHARD YATES, Judge, presiding.

This is an appeal from a judgment of the county court of Cook county confirming a special assessment for the erection of lamp-posts on Ogden avenue, from Madison street to West Twelfth street, in the city of Chicago. The improvement is attempted to be made by special assessment against the property benefited thereby, and upon a trial of that question in the court below it was found that the property assessed was benefited to the extent of the assessment.

The ordinance purporting to authorize the improvement is entitled "An ordinance for electric lamp-posts

169—17

on both sides of Ogden avenue, from Madison street to Twelfth street," and is in part as follows:

"Sec. 1. That a local improvement shall be made within the city of Chicago, county of Cook and State of Illinois, the nature, character, locality and description of which is as follows:

"Sec. 2. That electric lamp-posts be and they are hereby ordered erected on both sides of Ogden avenue, from Madison street to Twelfth street, in the said city of Chicago, county of Cook and State of Illinois, said work to be done under the superintendence of the department of public works of the city of Chicago, conformably to drawings hereto annexed and made part of this ordinance.

"Sec. 6. That the said lamp-posts be located upon said Ogden avenue at such places as are designated on the plat hereto attached and made a part thereof, and to be of the following description, to-wit: Twenty-five (25) 2000 candle-power arc lamps on Ogden avenue, between Madison street and West Twelfth street, including cables, posts, switches and lamps, in accordance with specifications and plats hereto attached, which are made parts of this ordinance." (Then follow the specifications for the lights to be used.)

RICH & STONE, and RANDALL W. BURNS, for appellant.

JOHN D. ADAIR, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Among the assignments of error it is insisted by appellant that the ordinance does not authorize the assessment as made. As will be seen, the public improvement designated by the ordinance is "lamp-posts," and nothing else. The section of the ordinance which purports to describe the "lamp-posts" describes the power of the lights to be used, the conduits for laying underground cables, and the cables, switches and lamps to be attached to

and connected with the posts in order to make complete facilities for lighting the street; and the attempt is made, by special assessment, to pay for not only the lamp-posts, but the lamps and all other appliances mentioned. Without determining that these can properly be treated as local improvements within the statute authorizing the levy of special assessments to pay for the same, we are clearly of the opinion that this ordinance authorizes no such assessment. It need scarcely be said that in order to authorize special assessments to pay for a local improvement there must be a valid ordinance authorizing that particular improvement, and in addition to this, the ordinance must properly describe the nature, character and locality of the improvement. This ordinance, in so far as it attempts to authorize a local improvement, authorizes the erection of lamp-posts only; then, in attempting to describe the "nature, character and location" of that improvement it mentions the others. But this in no sense authorizes the latter by ordinance. Clearly, the description is inconsistent, and cannot be reconciled with the *improvement* named in the title and provisions of the ordinance authorizing the improvement, "lamp-posts," whereas the description is of lamps, fixtures, etc. Doubtless the greater part of the assessment against appellant's property was for the conduits, cables, switches, lamps, etc., which was without authority of law.

This disposition of the case renders it unnecessary to notice other objections urged by appellant.

We think the county court erred in confirming the assessment, because it was unauthorized by the ordinance, and its judgment will accordingly be reversed.

*Judgment reversed.*