THE CHICAGO TERMINAL TRANSFER COMPANY

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 17, 1899—Rehearing denied April 6, 1899.*

1. APPEALS AND ERRORS—*failure to point out variance between ordinance and estimate in trial court is a waiver.* Failure of an objector to point out in the trial court an alleged discrepancy between the improvement ordinance and the commissioners' estimate is a waiver of the right to raise the objection on appeal.

2. SAME—*general objection that estimate is void does not raise a question of variance.* A general objection that the estimate of the cost of the improvement is void does not raise the question of a discrepancy between the ordinance and the estimate, where the estimate is *prima facie* in proper form and the alleged variance does not go to its entire validity.

3. SPECIAL ASSESSMENTS—*when railroad property may be assessed in proportion to benefits.* Railroad property used partly for depot grounds and the remainder leased to private parties may be assessed in proportion to the benefits received from the paving of the street on which it borders, which is the main street used by passengers going to and from the depot.

APPEAL from the County Court of Cook county; the Hon. WILLIAM T. HODSON, Judge, presiding.

K. K. KNAPP, and MARK BREEDEN, Jr., for appellant:

A railroad right of way can be assessed for a public improvement only to the extent that its fitness for the particular use to which it is devoted is increased or enlarged by that improvement. *Railroad Co.* v. *Chicago,* 141 Ill. 509; *Railroad Co.* v. *Joliet,* 153 id. 649.

The property of all railroad companies is permanently devoted to a special use, and consequently must be assessed, if at all, only with reference to such use. *Railway Co.* v. *Railroad Co.* 100 Ill. 21; *Railway Co.* v. *Railroad Co.* 112 id. 589; *Railroad Co.* v. *Chicago,* 149 id. 457; *Railway Co.* v. *Cicero,* 157 id. 48; *Railroad Co.* v. *Lostant,* 167 id. 85.

Nor does the fact that any part of the right of way is vacant, and will probably not be used for the purpose of

tracks, make any difference. The fact that property of the appellant assessed in this proceeding is now vacant does not indicate that it is not permanently devoted to railroad purposes. *Railroad Co.* v. *Cicero*, 157 Ill. 48.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for appellee:

In the proceedings below no specific objection was made to the effect the estimate was inconsistent with or contrary to the terms of the ordinance, and therefore can not be raised for the first time in this court. *Hunerberg* v. *Hyde Park*, 130 Ill. 156; *Kelly* v. *Chicago*, 148 id. 90; *Young* v. *People*, 155 id. 247; *Dickey* v. *Chicago*, 164 id. 37; *Markley* v. *Chicago*, 170 id. 358.

The fact that a railroad company owns a tract of land, which land it can in the future devote exclusively to railroad purposes, does not prevent an assessment from being levied against such property in proportion to the benefits which such improvement would be to the land, situated and used as it is at the present time.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment. That portion of the ordinance providing for the improvement which is necessary to be considered is as follows:

"An ordinance for the improvement, curbing and paving of South Ashland avenue, from the south line of the street railway right of way on West Twelfth street to the north line of the street railway right of way on West Twenty-second street, in the city of Chicago, county of Cook, and State of Illinois:

"*Be it ordained by the City Council of the City of Chicago:*

"SECTION 1. That a local improvement shall be made within the city of Chicago, in the said county and State, the nature, character, locality and description of which local improvement is as follows, to-wit: That the road-

way of South Ashland avenue, from the south line of the
street railway right of way on West Twelfth street to the
north line of the street railway right of way on West
Twenty-second street, said roadway being fifty (50) feet
in width, be and the same is hereby ordered improved as
follows:   The curb-walls now in place on both sides of
said roadway, with the returns on both sides of all in-
tersecting streets and alleys between said points, shall
be plastered on their street face from the top surface
down for a space of five (5) feet.   The plaster to be used
shall be made with the best quality of Portland cement
and clean, sharp lake-shore sand, mixed in the propor-
tion of one part cement and two parts sand.   The sand
and cement shall first be thoroughly mixed dry and then
moistened with water to form a thick mortar, which shall
be spread upon the face of said curb-walls in an even
layer of one-half inch in thickness.   The curb-stones now
in place on both sides of said roadway of South Ashland
avenue, with the returns of all intersecting streets and
alleys between said points, shall be re-set to grade and
on line parallel with and twenty-five (25) feet from the
center line of said roadway.   The present road-bed of
said South Ashland avenue, together with the wings of
all intersecting streets and alleys between said points,
(except any and all space occupied and used as street
railway rights of way thereon between said points, and
except the rights of way of steam railroads thereon be-
tween said points,) shall be improved as follows, to-wit:"
Then follows a detailed statement and specification in
which the road-bed shall be improved.

   It is first contended in the argument that the descrip-
tion of the improvement in the ordinance is not consistent
with its title and enacting clause and with the provi-
sions of the ordinance authorizing the improvement.   We
are unable to discover any substantial inconsistency be-
tween the title and the ordinance.   The title relates to
the improvement of the curbing along the street and the

paving of the street, and section 1 of the ordinance which orders the improvement relates to the same matter.

There is no similarity between this case and *Smith* v. *City of Chicago*, 169 Ill. 257. In that case the assessment was condemned because it was levied to pay for lamps, fixtures, etc., when the ordinance only provided for the erection of lamp-posts. Nothing of that character occurred here. The assessment was made in this case to pay for the improvement authorized by the ordinance, and nothing more.

It is also claimed that the ordinance authorizes new curbing where curb-walls or curb-stones are not now in place, and fails to specify the material of which the new curbing shall be constructed or its height or thickness. This is a misapprehension of the terms of the ordinance. As we understand the ordinance it contains no provision for new curbing. It merely provides for improving the curbing which was existing on both sides of the roadway at the time the ordinance was passed.

The next objection relied upon by the appellant is, that the description in the estimate of the cost of the improvement does not correspond with the description of the improvement contained in the ordinance. There is a manifest variance, in reference to the curb-walls and curb-stones, between the estimate and the ordinance. The description in the estimate in regard to the curbing is as follows: "Curb-wall, lineal feet, 123.25, at 50 cents, $61.63; curb-stones, lineal feet, 10,700.98, at 50 cents, $5350.49." But in the ordinance it is provided that the curb-walls in place on both sides of the roadway shall be plastered on their street face and the curb-stones now in place shall be re-set to grade. This is not the improvement estimated by the engineer. But if the appellant desired to take advantage of the discrepancy between the estimate and the ordinance, an objection pointing out the variance should have been made, so that the city could have had an opportunity to explain or supply the

alleged defect. But no objection of that character was interposed in the county court. The only objection which had any reference to the estimate filed by the appellant was No. 20, as follows: "The estimate of the cost of said improvement is void." This objection did not raise the question now presented. The estimate was in proper form. It properly estimated the cost of paving the street with asphalt, adjustment of sewers, catch-basins and man-holes, and estimated the amount required for making and collecting the assessment. Indeed, no objection is perceived to the estimate except in regard to the curb-walls and curb-stones. We cannot, therefore, regard the estimate as void, and as the objection now made to the estimate was not made in the county court it must be regarded as waived.

In *Illinois Central Railroad Co.* v. *City of Chicago,* 141 Ill. 509, where a special assessment was levied upon the right of way of the railroad company, we held that when land is restricted by statute to a particular use and cannot be applied to any other use, the measure of the benefit which the improvement will confer on the land is its increased value for the special use to which it may by statute be restricted, and it is insisted that appellant's property falls within the rule indicated in that case. We do not think appellant's position can be sustained under the evidence in this case. F. E. Paradis, a witness called on behalf of the objector, testified that "the north half of these lands on the east side of Ashland avenue is now leased for a coal yard." The same witness, on cross-examination, also testified: "The north half of the lands on the east side of Ashland avenue are now rented out for a coal yard. There is a depot on the lots on the west side of the street. Ashland avenue is the main street on which passengers go to and from that depot. The street should be well paved." On being asked by the court, "Do you think it would benefit the property by having it paved?" he answered, "Certainly." From this evidence

178—28

it appears that a large part of the property assessed is leased to private parties and is not used as right of way, and that the improvement contemplated by the ordinance will be a benefit to the property.

It is also claimed that the court erred in the admission of certain evidence and in refusing to strike out a portion of the testimony of one of appellee's witnesses. This case was tried before the court without a jury, and while the ruling of the court on some portion of the evidence may not have been technically accurate, no such error was committed as could prejudice the rights of appellant in the final decision of the case by the court.

It is also claimed that the finding of the court was not sustained by the evidence. There was some conflict in the testimony in regard to the benefits to appellant's property, but when all the evidence is considered we are not prepared to say that the judgment is contrary to the preponderance of the. evidence.

The judgment of the county court will be affirmed.

*Judgment affirmed.*