## F. M. LEITCH

v.

THE PEOPLE *ex rel.* Gannaway, County Collector.

*Opinion filed December 18, 1899—Rehearing denied February 20, 1900.*

SPECIAL ASSESSMENTS—*sufficiency of improvement petition cannot be attacked on application for sale.* A property owner served with notice of the application to confirm a special assessment, who suffers default, cannot, on an application for judgment of sale, attack the sufficiency of the improvement petition, where the confirmation proceeding, as to the jurisdiction of the court, is *prima facie* regular.

APPEAL from the County Court of Coles county; the Hon. JOHN P. HARRAH, Judge, presiding.

A. J. FRYER, S. S. ANDERSON, CHARLES C. LEE, and W. E. ADAMS, for appellant.

EMERY ANDREWS, State's Attorney, AL RAY, and J. H. MARSHALL, (NEAL & WILEY, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an application by the county collector of Coles county, at the June term, 1899, of the county court, for judgment against delinquent lands for taxes and special assessments. The appellant, whose property was assessed by the city of Charleston for an improvement on Jackson street, in said city, under an ordinance passed by the city of Charleston under the act of June 14, 1897, appeared and objected to a judgment for the assessment against his property.

Section 4 of the act of 1897, which was in force when the ordinance in this case was passed, provides: "In cities, towns or villages having a population of less than twenty-five thousand, ascertained as aforesaid, no ordinance for making any local improvement shall be adopted, unless the owners of a majority of the property in any one or more contiguous blocks abutting on any street,

alley, park or public place shall petition for such local improvement." The city of Charleston contained a population of less than five thousand, and appellant objected to judgment against his property on the alleged ground that the petition presented to the board of local improvements, in pursuance of which the ordinance was prepared and passed, did not contain the names of a majority of the property owners, and he offered evidence tending to prove the fact on the application for judgment. The court rejected the offered evidence, holding that appellant was concluded by the judgment of confirmation.

It appears that the notice required by the statute was given appellant and the other property owners' of the time and place application would be made to the county court to confirm the assessment, but appellant failed to appear and a default was entered. The court heard the evidence and entered a judgment confirming the assessment roll, and the question is presented whether appellant has the right to question the judgment of confirmation on application for judgment against his land by the county collector.

It is provided in section 66 of the act of 1897, that upon the application for judgment against property for delinquent special assessments no defense or objection shall be made or heard which might have been interposed in the proceeding to confirm such assessment, and no errors in the proceeding to confirm, not affecting the power of the court to entertain and consider the petition therefor, shall be deemed a defense to the application therein provided for. Upon the application to confirm the assessment appellant had the undoubted right to appear in the county court and call in question the validity of the petition presented to the board of local improvements, and as he was notified as required by law it was his duty to appear and make objection if he desired to contest the validity of the proceedings, but as he failed to appear on application to confirm, under the plain language of

the statute he is concluded from calling in question any of the proceedings anterior to the judgment of confirmation, except the jurisdiction of the court rendering the judgment. Indeed, it has been held in a number of cases that on an application to confirm the assessment, if the court has jurisdiction to render the judgment the judgment will be conclusive on the land owner, and he cannot call in question the regularity of the proceedings prior to the judgment on a subsequent application for judgment and sale. (*Murphy* v. *People*, 120 Ill. 234; *Schertz* v. *People*, 105 id. 27; *Fisher* v. *People*, 157 id. 85; *Clark* v. *People*, 146 id. 348.) The important question, then, to be considered is whether the county court had jurisdiction when the judgment of confirmation was rendered.

Section 37 of the act of 1891 confers jurisdiction of the subject matter on the county court upon the city filing a petition, to which shall be attached or filed therewith a certified copy of the ordinance, a copy of the recommendation of the board of local improvements, and a copy of the estimate of the cost of the improvement as approved by the city council. The record disclosed a full compliance with the requirements of the statute on the part of the city in the filing of the petition. The county court therefore became vested with full jurisdiction of the subject matter. What evidence the county court heard to sustain the petition we have no means of knowing, as the record contains no bill of exceptions. It will, however, in the absence of a showing to the contrary, be presumed that the evidence before the county court fully sustained the averments of the petition. As to the jurisdiction of the person, the decree of confirmation shows that the notice required by the statute was given. The court then had jurisdiction of the person and of the subject matter, and, having such jurisdiction, the judgment, although it might be erroneous, cannot be attacked collaterally on application for judgment and sale of the lands assessed. Moreover, the parol evidence offered to

impeach the record of the court was incompetent. The rule is well established that a record of the court cannot be contradicted by evidence beyond or outside of the record. (*Reedy* v. *Camfield*, 159 Ill. 254; *People* v. *Seelye*, 146 id. 189; *Young* v. *People*, 171 id. 299; *Kunst* v. *People*, 173 id. 79.) Had the appellant appeared on the application to confirm the assessment, as he had the right to do, he would have been entitled to prove that the petition to the board of local improvements was not signed by a majority of the property owners, as was done in *Merritt* v. *City of Kewanee*, 175 Ill. 537, and *City of Bloomington* v. *Reeves*, 177 id. 161; but he had no right, in this collateral proceeding, to attack that judgment, which was rendered by a court having jurisdiction of the person and the subject matter.

Cases from other States have been cited in the argument, but the statutes of the different States in regard to the collection of taxes and special assessments differ so much from our own that the decisions in other States can have but little bearing here, when the construction of our statutes is involved.

The judgment of the county court is affirmed.

*Judgment affirmed.*