DAVID E. FISKE

*v.*

THE PEOPLE *ex rel.* Raymond, County Treasurer.

*Opinion filed December 20, 1900.*

1. PUBLIC IMPROVEMENTS—*ordinance requiring union labor, only, is void.* An ordinance requiring the employment of union labor, only, upon public improvements, is unconstitutional and void, being an unjust discrimination between classes of citizens, which restricts competition and increases the cost of the work. (*Adams v. Brenan,* 177 Ill. 194, and *Holden* v. *City of Alton,* 179 id. 318, followed.)

2. SAME—*specification in public contract as to eight hour day—when void.* A provision in the specifications attached to a public contract is void, which, after prescribing that eight hours shall constitute a day's work, makes the contractor liable to forfeiture of the contract if he allows his men to work more than eight hours, since it infringes the free right of contract.

3. SPECIAL ASSESSMENTS—*when existence of a void ordinance is no defense to an application for sale.* The existence of a void ordinance respecting union labor on public improvements is no defense to an application for judgment of sale for a delinquent special assessment, where there is nothing in the record to show that anything was done under such ordinance in the particular improvement.

4. SAME—*objections not urged in county court are waived.* Objections not urged in the county court upon application for judgment of sale for a delinquent special assessment are waived, and cannot be first urged on appeal or error.

5. SAME—*what objections come too late on application for sale.* Under section 66 of the Improvement act of 1897, if a property owner fails to appear upon application to confirm a special assessment he is precluded from afterwards calling in question any of the proceedings anterior to the confirmation judgment, except for matters going to jurisdiction.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

This is an appeal from a judgment of sale of certain lots, located in Cook county, for the non-payment of a special assessment, levied by the city of Chicago for curbing, grading and paving South Ashland avenue from the street railway right of way on West Twelfth street to the street railway right of way on Twenty-second street.

The appellant filed objections to the entry of judgment, and order of sale, against his property, which objections were all overruled. Judgment was entered as prayed for in the application of the county collector. This appeal is prosecuted from said judgment.

GEORGE W. WILBUR, for appellant.

CHARLES M. Walker, Corporation Counsel, and DENIS E. SULLIVAN, for appellee.

° Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—The first objection, urged by the appellant, is that a certain ordinance, passed by the city of Chicago on October 17, 1898, is unconstitutional and void. Among the objections to the entry of judgment and order of sale was objection No. 12, which is as follows: "The county court has no jurisdiction herein, because the original assessment proceedings, which are the basis of the application herein, are contrary to the constitution of the State of Illinois, and are, therefore, void, for the reason that on, to-wit: the 17th day of October, 1898, the city council of the city of Chicago, in said county and State, passed a certain ordinance as follows:

" 'An ordinance to provide for the hiring of union labor in public works.

" '*Be it ordained by the city council of the city of Chicago*:

" 'Section 1. That the bids or proposals for doing any public work or making any public improvement shall contain a clause whereby the bidder shall agree to hire only such persons in the performance of such work as are members of labor unions, if there are labor unions in the city of Chicago comprising sufficient persons of the class necessary for the performance of such work; and, in all contracts executed by said commissioner of public works on behalf of the city, the contractor shall agree to hire only such persons in the performance of said work

as are members of labor unions, if there are labor unions in the city of Chicago comprising sufficient persons of the class of labor necessary for the performance of such work; and, in all such contracts, the right shall also be reserved to the commissioner of public works, in addition to those already prescribed, to rescind such contracts for non-compliance with the provisions herein named, and to declare such contract forfeited.

" 'Sec. 2. This ordinance shall take effect and be in force from and after its passage and publication.'

"Which said ordinance is in full force and effect; that by virtue of said ordinance open competition was restricted and the cost of said improvement greatly enhanced to the prejudice of this objector."

Undoubtedly, the ordinance of October 17, 1898, is unconstitutional and void. The requirement, that the bidder for doing the work on a public improvement shall agree to hire only members of labor unions in the performance of such work, and that, in all contracts executed by the commissioner of public works on behalf of the city, the contractor shall agree to hire only members of labor unions, amounts to a discrimination between different classes of citizens, and lays down a rule, which restricts competition and increases the cost of work. Under our constitution and laws, any man has a right to employ a workman to perform labor for him whether such workman belongs to a labor union or not, and any workman has a right to contract for the performance of labor irrespective of the question whether he belongs to a labor union or not. Such ordinances and contracts as the ordinance of October 17, 1898, have been recently held to be unconstitutional and void in the cases of *Adams* v. *Brenan,* 177 Ill. 194, and *Holden* v. *City of Alton,* 179 id. 318. These cases are conclusive as to the invalidity of this ordinance.

But the objection here made was properly overruled by the court below, because there is nothing in this record

to show that anything was done under the ordinance in question, either to the injury of the appellant, or otherwise. The ordinance of October 17, 1898, is not shown to have been approved by the mayor, or to have been in force when this objection was made. But, whether it had been so approved or was so in force and effect or not, the improvement here under consideration was not made under and in pursuance of said ordinance. The ordinance for the improvement here under consideration was passed on May 16, 1898, and the contract for doing the work was entered into on November 1, 1898.

The first section of the ordinance, passed on May 16, 1898, under which the present improvement was made, is set forth in the case of *Terminal Transfer Co.* v. *City of Chicago*, 178 Ill. 429. The ordinance of May 16, 1898, and the contract made for the doing of the work, and the specifications attached to that contract, are all free from any provisions in regard to union labor, or from any allusion to union labor. The proposal for the work upon the improvement is in the record, and contains no clause, by which the bidder agrees to hire only members of labor unions. We are, therefore, unable to see how the ordinance of October 17, 1898, has any bearing upon the questions involved in this case. It was improperly admitted in evidence by the court below. If any bid or proposal had been made, or any contract had been entered into, by which the contractor, doing the work upon this improvement, agreed to hire only persons who are members of labor unions, a different question would arise. As the work, which was done, was done under a valid ordinance, and not under an ordinance void and unconstitutional for the reasons already referred to, the validity of any ordinance or agreement, restricting the hiring of labor to members of labor unions, could not here be urged as an objection to the entry of judgment of sale.

*Second*—It is contended by counsel for appellant in his argument, that a provision in the specifications, attached

to the contract made between the contractor and the city of Chicago for the doing of the work upon the improvement in question, is illegal as limiting the number of hours in each working day. The provision thus referred to is as follows: "In the prosecution of the work under these specifications eight hours shall constitute a day's labor, and any contractor or contractors, who shall compel or allow laborers or employees to work more than eight hours in one day, shall be liable to have this contract forfeited, as provided by section 1687, of the Revised Code of the city of Chicago: *Provided, however,* that in case of emergency the contractor or contractors may by and with the written consent of the board of local improvements, allow laborers and employees to work extra time." That part of this clause in the specifications, which makes the contractor liable for a forfeiture of his contract if he allows laborers or employees to work more than eight hours in one day, is unquestionably void and unconstitutional. It infringes upon the freedom of contract, to which every citizen is entitled under the law. (*Ritchie* v. *People,* 155 Ill. 98). It is true that a legislative act, which prescribes the length of time amounting to a day's work when no special agreement upon the subject is made between the parties, is a valid act. But any statute, providing that the employer and laborer may not agree with each other as to what time shall constitute a day's work, is an invalid act. (*United States* v. *Martin,* 94 U. S. 400).

We, however, have searched in vain among the numerous objections, made by the appellant in the county court to the entry of judgment of sale against his lots, for any objection, which has reference to this provision of the specifications attached to the contract. None of the objections make any reference whatever to the contract or to any of its provisions, either to the specification requiring that eight hours shall constitute a day's labor, or to the specification that the contractor shall not em-

ploy or permit to be employed any person or persons other than native born or naturalized citizens of the United States. As no objection of this kind was interposed in the county court, it must be regarded as waived in this court, and cannot be made here. (*Terminal Transfer Co.* v. *City of Chicago, supra*).

*Third*—It is further contended by counsel for appellant, that the ordinance of May 16, 1898, providing for the improvement here under consideration, is void because improperly entitled. In other words, it is said "that the description of the improvement in the ordinance is not consistent with its title and enacting clause and with the provisions of the ordinance authorizing the improvement." This very objection was considered in reference to this same ordinance in the case of *Terminal Transfer Co.* v. *City of Chicago, supra,* and we there held that there was no substantial inconsistency between the title and the ordinance. We are satisfied with the conclusion reached upon this subject in the case last referred to, and decline to further discuss it.

*Fourth*—The further point is made by the appellant that the description in the estimate of the cost of the improvement does not correspond with the description of the improvement contained in the ordinance. In the estimate of cost the description in regard to the curbing referred to a certain number of lineal feet of curb wall at a certain price, and to a certain number of lineal feet of curb-stones at a certain price; but in the ordinance it is provided, that the curb walls in place on both sides of the roadway shall be plastered on their street face, and the curb-stones already in place shall be re-set to grade. This same objection was made in the case of *Terminal Transfer Co.* v. *City of Chicago, supra,* when the latter case was heard in this court, but was there held to have been waived because it was not made in the court below..

It is true, that this objection as to the variance between the description of the improvement in the estimate

of the cost and the description of the improvement in the ordinance was made in the present case upon the hearing in the court below. But, under the decisions of this court, this is one of the objections, which should have been made in the original proceeding for the confirmation of the assessment, and, not having been made there, cannot be presented here in this collateral proceeding, which is an application for judgment of sale. Under section 66 of the act of 1897, where application is made for judgment against property for delinquent special assessments, no defense or objection can be made or heard, which might have been interposed in the proceeding to confirm the assessment; and no errors in the proceeding to confirm, not affecting the power of the court to entertain and consider the petition therefor, shall be deemed a defense to the application therein provided for. If a property owner fails to appear upon the application to confirm an assessment, then, under the plain language of the statute, he is precluded from calling in question any of the proceedings anterior to the judgment of confirmation, except where the court, rendering the judgment of confirmation, is shown to have been wanting in jurisdiction to do so. (*Leitch* v. *People*, 183 Ill. 569; *Pipher* v. *People*, id. 436; *Perisho* v. *People*, 185 id. 334). The variance here complained of is a part of the proceedings anterior to the judgment of confirmation, and, inasmuch as it was not complained of in the proceeding for confirmation, it can not be set up in the present collateral proceeding.

We perceive no error in the rulings of the trial court upon the objections thus brought to our notice, and, therefore, the judgment of the county court, overruling such objections, is affirmed.        *Judgment affirmed.*