Henry H. Gage

v.

The People ex rel. John J. Hanberg, County Collector.

| 207 | 61 |
| f207 | 73 |
| f207 | ² 74 |
| f207 | 76 |
| f207 | 78 |
| 207 | ²336 |

| 207 | 61 |
| 211 | ⁶213 |

*Opinion filed December 16, 1903—Rehearing denied February 16, 1904.*

| 207 | 61 |
| 213 | 349 |
| e213 | ⁵413 |
| 214 | ²531 |

1. Res judicata—*when judgment of reversal is not res judicata.* A judgment of reversal upon error confessed as to a particular matter is not *res judicata,* on second appeal, as to assignments of error urged but not considered on the former appeal.

2. Special assessments—*when absence of itemized estimate of cost cannot be shown.* The absence of an itemized estimate of cost from the record of the resolution for the improvement cannot be shown by extrinsic evidence upon application for judgment of sale.

3. Same—*effect of the eight-hour day and anti-alien labor provisions.* Provisions for an eight-hour day and prohibiting employment of alien labor, contained in the specifications for a local improvement, do not justify refusing judgment of sale unless it appears such provisions in some way entered into the competitive bidding.

4. Same—*what raises presumption that illegal provisions entered into competitive bidding.* Where the specifications for a local improvement contain provisions for an eight-hour day and against employing alien labor, and such provisions are referred to in the advertisement and the bid and made a part of the contract, the presumption arises that they actually entered into the competitive bidding; but this presumption may be rebutted upon application for judgment of sale.

5. Same—*when judgment of sale is defective.* A judgment of sale for a delinquent special assessment is defective which fails to identify the property against which the judgment stands.

6. Appeals and errors—*effect where defective judgment is the only error.* Where the only error in a proceeding for judgment of sale is a defect in the form of the judgment entered, a new trial will not be awarded, but the case will be reversed, with directions to the trial court to enter a correct judgment.

Appeal from the County Court of Cook county; the Hon. L. C. Ruth, Judge, presiding.

F. W. Becker, for appellant.

Robert Redfield, and William M. Pindell, (Edgar Bronson Tolman, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county against the property of appellant for the first and second installments of a special assessment made for paving Turner avenue, in the city of Chicago, which installments had been returned as delinquent.

At the July term, 1902, the county collector made application to the county court of that county for judgment against the same real estate for the same installments of this special assessment. The objections then made were: First, that the contracts for making said improvement were not let to the lowest responsible bidder; second, that said contract provided, in the prosecution of said work, eight hours should constitute a day's labor, and that said contractor should not employ, or permit to be employed, any persons other than citizens of the United States, which contract was so drawn in accordance with an ordinance of the city of Chicago; third, that the proposal or bid for said work was based, in part, upon said provisions; fourth, that the entry of judgment herein would deprive the objector of property without due process of law, etc. The court overruled these objections, and entered judgment on July 28, 1902, against the property for the delinquent installments. Gage appealed from that judgment to this court, and assigned as error the overruling of each of said objections, and also the fact that the judgment entered did not conform to the statute, and the further fact that the judgment was not signed by the judge. Appellee filed in this court a confession that there was error in the record, in that the judgment and order of sale were not signed by the judge, and upon that confession, without considering the other errors assigned, this court reversed the judgment and remanded the cause to the county court of Cook county for further proceedings, where the cause was re-docketed on April 25, 1903.

The matter was again presented to the county court at its July term, 1903, when Gage again presented objections in substance the same as those presented at the former hearing, and in addition he objected that the issues involved were *res judicata* by the decision and mandate of this court on the appeal from the judgment of July, 1902, and that upon remandment the former application was re-docketed and is still pending in said county court.

In support of the contention that this matter is *res judicata*, it is argued that because the same errors were assigned on overruling the same objections on the former appeal, and inasmuch as the judgment was then reversed, it must be presumed that the judgment of this court was that all the errors which were assigned were well assigned, and reliance is placed upon *Johnson* v. *VonKettler*, 84 Ill. 315. In that case, which was then in this court for the third time, appellant re-argued a question which had been decided by this court upon an earlier appeal, and this court held that it would not again consider the point; that if the appellant had desired to re-argue the proposition he should have presented his petition for a modification of the former opinion in apt time.

In *Smyth* v. *Neff*, 123 Ill. 310, the validity of a tax deed was involved. The case had been before in this court on an appeal from a judgment in an action of ejectment, in which the court below had held a certain tax deed involved in the suit invalid. This court, on the first appeal, had reversed that judgment and remanded the cause, holding that the objections made against the tax deed were not sufficient to invalidate it and that it should have been held good. When the case came the second time to this court this court said: "Concerning the points considered by the court in its former opinion, the discussion must now be regarded as forever closed, and the decision adverse to the defendant must stand." It is said that the additional testimony heard on the second trial

in the court below was as to a matter of no consequence, and that to consider again the question of the validity of the tax deed "would simply be to reconsider the case upon exactly the same record. That is not allowable under any practice that has ever obtained in this State." To the same effect are the other cases cited by appellant.

We think the present case plainly distinguishable from those above referred to. The assignments of error, other than that calling attention to the fact that the judgment lacked the signature of the judge, were not considered by this court at all, and the fact that this court, on confession by appellee, held that assignment good does not mean that all other errors assigned were meritorious.

It is said that this application is a different application from the one upon which judgment was entered in July, 1902; that the former application is still pending, and it was therefore error to enter judgment in this second application for the same installments of the special assessment that were covered by the first application. It does not certainly appear that there were two independent applications. The bill of exceptions, in reciting the evidence offered by objector, after showing the final order of this court filed in the county court on April 11, 1903, contains this language: "Also the order of this court entered April 25, 1903, re-docketing said cause, which, it was shown, is the final order entered." If this order, which does not appear elsewhere in the transcript of the record, was introduced in evidence, it should have been set out in full in the bill of exceptions, so that this court could see what the order was. What is meant by the recital that this was the final order we are unable to determine, because it appears from the transcript that thereafter the judgment appealed from was entered by the county court on August 3, 1903, overruling the objections and directing a sale, and it does not appear from the abstract that there were two applications pending for judgments against the same property for the same

installments at the same time. The notice of application by the collector for judgment, which is set out in the transcript, appears to be a notice of application for judgment for the third installment of this special assessment, and in nowise supports appellant's contention that there was a second independent proceeding instituted for the collection of the first and second installments.

We therefore conclude, notwithstanding the recital in the bill of exceptions in reference to the order entered April 25, 1903, that upon a consideration of the entire record it does not appear that there were two separate proceedings pending at the same time for the collection of these two installments.

On the trial below appellant offered evidence to show that no itemized estimate of the cost of this improvement was made a part of the record of the first resolution of the board of local improvements. Under the authority of *Bickerdike* v. *City of Chicago*, 203 Ill. 636, this objection would have been a good objection had it been made to the confirmation of the assessment. Not being made, however, until the time of the application for judgment for delinquent installments of that assessment, it is in the nature of a collateral attack upon the judgment of the county court confirming the assessment. We have frequently held that no defense which existed at the time the judgment of confirmation was entered, and which might have been interposed in that proceeding, can be made upon an application for judgment for the sale of real estate to satisfy the special assessment unless it be shown that the county court did not have jurisdiction of the proceeding to confirm the assessment; (*Leitch* v. *People*, 183 Ill. 569; *Pipher* v. *People*, id. 436; *Perisho* v. *People*, 185 id. 334; *People* v. *Talmadge*, 194 id. 67;) and that lack of jurisdiction must be made to appear from the record of the county court itself, otherwise such lack of jurisdiction cannot be taken advantage of in a collateral proceeding such as this is. (*Dickey* v. *People*,

207—5

160 Ill. 633; *Young* v. *People,* 171 id. 299; *Casey* v. *People,* 165 id. 49.) The evidence offered was therefore properly excluded.

Appellant refers to *City of Chicago* v. *Nodeck,* 202 Ill. 257, where it was held that the court had been without jurisdiction to enter a judgment of confirmation in a special assessment proceeding, for the reason that the ordinance providing for the improvement included, as a part of such improvement, certain paving which the city was without power to do by special assessment, and it was there held that the objection that the lack of jurisdiction must appear from the record of the county court would not be considered, for the reason that the party seeking to sustain such judgment had entered into a stipulation which showed that the county court was without jurisdiction, and having so stipulated he would not be heard to say that such lack of jurisdiction must appear from the record. Whether the absence of the itemized statement in the record of the first resolution of the board of local improvements would affect the jurisdiction of the county court to enter the judgment of confirmation, even if such absence appeared from the record of that court, or whether it is merely a defense to the proceeding for confirmation which is waived if not interposed before judgment, is a question which does not arise here, for the reason that appellant has not shown, or sought to show, and presumably cannot show, by the record of that court, such absence of the itemized estimate under discussion.

The specifications for the work necessary to carry out this improvement contained the eight-hour and the so-called alien labor clauses, referred to in the objections above set forth, and these specifications were referred to in the advertisements for bids, the bid and the contract, and a copy of such specifications was attached to and made a part of the contract, these two provisions being the same provisions as those on these subjects which are

fully set out in *McChesney* v. *People*, 200 Ill. 146. As the specifications contained these provisions and they were referred to in the advertisement and the bid and made a part of the contract, the presumption would thereby arise that they actually entered into the competition for the contract. This presumption, however, is one which may be rebutted. Appellee introduced evidence which shows that contractors in the city of Chicago, engaged in the business of constructing improvements of the character here involved, make their bids on the basis that such provisions are inoperative and void, and which shows that such provisions, when contained in such contracts, have been invariably disregarded both by the city and the contractors,—a course which is not surprising, perhaps, in view of the holding of this court as to the legality of such provisions, found in the case of *Fiske* v. *People*, 188 Ill. 206. Upon the entire record, it is apparent to us that these provisions of the specifications did not actually enter into the competition for the contract. In *McChesney* v. *People*, 200 Ill. 146, the conclusion reached by this court, at page 152, was that the property owner, to sustain his objection, must show that such provisions "actually entered into the competition in some way." There was no error in overruling the objections based upon these provisions of the specifications.

The judgment of the county court in this case is in the following words: "And thereupon it is considered by the court that judgment of sale be and is hereby entered against the property of said objector in favor of the People of the State of Illinois for the amount of special assessment, interest, penalties and costs due thereon. It is further ordered that the property of said objector be sold, as the law directs, to satisfy the amount of special assessments, interests, penalties and costs due thereon, as aforesaid."

We do not think this judgment complies with the law. It is substantially the same as that disapproved in *Mc-*

*Chesney* v. *People,* 174 Ill. 46, the only material difference being, that in that case the judgment was, "it is ordered that judgment of sale" be entered, while here the language is, "thereupon it is considered by the court that judgment of sale" be entered, and while the record is thus given the language characteristic of a judgment, it still fails to comply with section 191 of chapter 120 of Hurd's Revised Statutes of 1901, where a form for a judgment for delinquent taxes or special assessments is set out, with which the judgment in cases of this character must substantially comply. Following that form, the judgment should be entered "against the aforesaid tract or tracts * * * in favor of the People of the State of Illinois for the sum annexed to each." The word "aforesaid," as used here, has reference to the descriptions of real estate on which the special assessments or taxes are delinquent, which descriptions are contained in a list which precedes the judgment, and are contained in the application for judgment, and which list, with the judgment, should be found in the "judgment, sale and redemption record" of the county court.

From the judgment in the case at bar it is impossible to tell what property of the objector the judgment is against. Appellee insists that the judgment should be read in connection with the application and list which precede it in the last mentioned record. This does not help it, as it fails to refer to the list which precedes it, or to anything else in the record from which a description of the real estate against which the judgment is intended to be entered can be obtained.

The form given in this section of the statute should be followed, modifying it so that it will apply to special assessments alone, and if the judgment be not entered against all of the tracts contained in the delinquent list which precedes the judgment, then the tracts against which the judgment is entered should be particularly specified, which may be done by referring to them as ap-

pearing opposite the name of the objector on that list, or if tracts appear opposite his name on that list against which judgment is not entered, then it may be done by setting out in the judgment a particular description of the tracts against which the judgment is entered, and reference, by apt words, may be had to the list for the amount of the special assessment, interest, penalties and costs due thereon.

As no error intervened in this proceeding prior to the entry of the judgment a new trial will not be awarded, but the judgment of the county court will be reversed and the cause remanded, with leave to the attorney for appellee to move for, and with directions to the county court to enter, a judgment in compliance with section 191 of chapter 120 of Hurd's Revised Statutes of 1901.

*Reversed and remanded, with directions.*