# CHARLESTON

CITY OF MOUNDSVILLE v. YOST *et al.*

Submitted October 27, 1914. Decided December 8, 1914.

1. MUNICIPAL CORPORATIONS—*Municipal Acts—What Constitutes.*
    A municipality acts only through its assembled council whose will can be expressed only by a vote embodied in some distinct and definite form. (p. 226).

2. SAME—*Street Improvement—Assessments—Procedure.*
    The power of a municipality to levy special assessments for street improvement upon owners of lots abutting thereon depends upon statute, and the mode of procedure therefor prescribed by the legislature must be strictly followed in all material respects. (p. 227).

3. SAME—*Resolution—Validity of Enactment.*
    A statute providing that municipal ordinances, resolutions or measures for the expenditure of money can be passed only after

having been read at two consecutive meetings of the council is clearly mandatory, and such a resolution voted on and declared passed at the first meeting of the council at which it was offered is void.  (p. 226).

4.  SAME—*Assessment for Street Paving—Effect to Create Lien—Void Resolution.*

A special assessment for street paving, levied upon the owner of a lot abutting on such street, which is not supported by a valid ordinance, or resolution, declaring it to be the purpose of the council to make such improvement, and depending only upon a void resolution directing the city clerk to advertise for bids for such paving, is void and ineffective to create a lien on such lot for any part of the cost of the street improvement.  (p. 227).

5.  SAME—*Assessment for Street Paving—Estoppel.*

When the proceedings under which the special assessment has been made are void and not simply irregular, a lot owner is not estopped to deny liability by his failure to appear and show cause against the assessment in answer to notice.  (p. 227).

6.  SAME—*Street Improvements—Procedure—Publication of Notice.*

The provision in a municipal charter requiring notice for bids for street paving to be advertised ''for four weeks in one or more newspapers of the city,'' is mandatory, and advertising for fifteen days and then waiting for four weeks from the first publication of notice before accepting a bid is not a compliance therewith.  (p. 228).

(POFFENBARGER, JUDGE, dissenting.)

Appeal from Circuit Court, Marshall County.

Suit by the City of Moundsville against E. H. Yost and others.  From decree for defendants, plaintiff appeals.

*Affirmed.*

*James F. Shipman* and *McCamic & Clarke*, for appellant.
*E. H. Yost* and *Martin Brown*, for appellees.

WILLIAMS, JUDGE:

By this appeal the City of Moundsville seeks reversal of a decree sustaining a demurrer to its bill and dismissing its suit, brought to enforce an alleged lien upon a lot of ground now owned by the defendant E. H. Yost and fronting on Thompson Avenue.  The lien is claimed by virtue of a special assessment levied on account of the paving of the street in front of said lot.  At the time of the paving the lot was

owned by Mary E. Seamon who has since died. Harry W. Seamon, her heir at law, sold and conveyed it to the defendant Margaret Crow, and it thereafter, and prior to the beginning of this suit, passed through several mesne conveyances to the defendant E. H. Yost.

In addition to numerous other powers conferred upon the city by the legislature is the power to grade and pave its streets and alleys and assess two-thirds of the cost thereof upon the owners of lots abutting thereon. Sec. 48, Ch. 67, Acts 1903.. To carry into effect the powers conferred upon the municipality the council is given full authority and power to pass "all needful ordinances, by-laws, orders and resolutions." Sec. 17 of said act. A municipality acts only through its assembled council whose will can be expressed only by a vote embodied in some distinct and definite form. 1 Smith on Munic. Corp., sec. 284; and *Rutherford* v. *City of Williamson*, 70 W. Va. 402.

It appears from the bill that the only action ever taken by the council, before contracting for the paving, was the passage on June 18, 1903, of the following resolution, viz.: "Mr. Barbour moved the Clerk advertise for fifteen days for bids for paving the following streets: * * * Thompson avenue from Tenth street to Twelfth street." Granting that this resolution was sufficient in form to express the purpose of the council to undertake the street improvement, it was not passed in the manner provided by sec. 15, Ch. 67, Acts 1903, re-incorporating the City of Moundsville. That section is as follows: "No ordinance or by-law, and no resolution. or measure for the expenditure of money, other than to defray the current and incidental expenses of the city, shall be deemed passed or adopted, unless it shall have been fully read at two consecutive meetings of the council. and shall have received a majority of the votes of the members present, when it shall stand and be declared adopted, and not otherwise." The concluding words, "and not otherwise," evince an unmistakable purpose of the legislature to make the mode of passing such ordinance or resolution imperative. The purpose of the statute was to prevent undue haste and secure deliberation by the council before final passage of an

ordinance or resolution; and it is a general rule of law that all statutory requirements for such purpose are imperative. 2 Dillon on Munic. Corp. (5th ed.) sec. 576; *Campbell* v. *Cincinnati*, 49 Ohio St. 463. The resolution, involving as it does the expenditure of money for purposes other than current and incidental expenses of the city, should have been read at two consecutive council meetings before it was passed. The statute expressly says it could not otherwise be passed. The statute being mandatory the resolution was void.

Section 48 of the charter authorizes the council to provide for the paving of streets and alleys and to assess two-thirds of the cost thereof to the abutting lot owners. Such assessment is also made a lien upon the lot enforcible by suit in equity as other liens are enforced. But, notwithstanding that provision, the passage of a valid ordinance or resolution was a condition precedent to the right to levy the assessment. It was jurisdictional. 2 Smith on Munic. Corp., sec. 1133; 4 Dillon on Munic. Corp. (5th ed.) sec. 1402; *Wheeler* v. *City of Poplar Bluff*, 149 Mo. 36. The legislature having prescribed the mode by which the city can make local assessments, that mode must be strictly followed. *McManus* v. *Hornaday*, 99 Io. 507; *Town of Warrensburg* v. *Miller*, 77 Mo. 56; *Merritt* v. *The Village of Portchester*, 71 N. Y. 309; *Allen* v. *Galveston*, 51 Tex. 302; *Massing* v. *Ames*, 37 Wis. 645; *Pound* v. *The Supervisors of Chippewa Co.*, 43 Wis. 163; *Newman* v. *City of Emporia*, 32 Kan. 456. A void ordinance will not support a special assessment. *The American Hide & Leather Co.* v. *Chicago*, 203 Ill. 451; *Smith* v. *Chicago*, 169 Ill. 257.

The bill alleges that notice was given to Mary E. Seamon, the then owner of the lot, to appear and show cause, if any she could, why the assessment should not be made for the street improvement; that she failed to appear and object thereto; and that, therefore, the defendants are now estopped to object to the legality of the assessment. It may be that, if the objection related only to a mere irregularity in the proceeding, the present owner would be estopped by the failure of his predecessor in title to make objection before the assessment was made. But the objection relates to more than a mere irregularity. It strikes at the jurisdiction of the

MOUNDSVILLE v. YOST.

council to proceed in violation of the mandate of its charter, and involves the very right and power of the city to make a binding special assessment in a manner different from the only method provided by the statute. The right to make local assessments depends upon legislative grant of power, which in this case is given. But the power must be exercised in the particular mode prescribed by the statute. The void resolution is the only basis for the alleged special assessment, and the invalidity of the resolution renders void all subsequent proceedings, so far as they relate to the rights of property owners. Hence, the defendant E. H. Yost is not estopped to deny the validity of the lien. No one is estopped to assail collaterally proceedings which are wholly void. *People ex rel. Kochersperger* v. *Hurford*, 167 Ill. 226; *Strout* v. *City of Portland*, 26 Ore. 295; *Jorgeuson* v. *City of Superior*, 111 Wis. 561; *Coggeshall* v. *City of Des Moines*, 78 Io. 235; *Starr* v. *City of Burlington*, 45 Io. 87; *Bradley* v. *City of Centerville*, 139 Io. 600; *Fox* v. *Middlesborough Town Co.*, 96 Ky. 262; *Verdin* v. *City of St. Louis*, 131 Mo. 26; *App* v. *Stockton*, 61 N. J. L. 520; *Burnett* v. *Bonton*, 73 N. J. L. 453.

The bill is also defective for another reason. Section 48 of the charter requires notice to be published for four weeks in one or more newspapers of the city for bids and proposals for the work. This provision is intended to protect the property owners liable to special assessment as well as the general taxpayers by ample notice to prospective bidders, and is also mandatory. The bill shows that it was not complied with. The advertising, by the express terms of the resolution, was to be for only fifteen days. The allegation that the work was not let to contract until four weeks after the first publication of the notice does not show a substantial compliance with the statute. It should have been published for four weeks as the statute requires. 1 Smith on Munic. Corp., sec 746. "Any statutory provisions requiring advertisement, or specifying its nature, are usually to be regarded as mandatory, and a failure substantially to comply with their requirements is sufficient to avoid the contract." 2 Dillon on Munic. Corp., sec. 809. A number of decisions are cited in support of the text.

"Failure to publish notice of a proposal for bids for making public improvements strictly in conformity with the statute will render subsequent proceedings void; and an abutting property owner may enjoin the collection of special taxes assessed for improvements under a contract let upon insufficient notice." *Comstock* v. *City of Eagle Grove*, 133 Io. 589.

The decree is affirmed.

*Affirmed.*