437 S.E.2d 250

Florence NINE and Dave Nine,
Plaintiffs Below, Appellees,

v.

GRANT TOWN, a Municipal Corporation;
Gary Brownlee, Mayor; Melanie
Thompson, Recorder; Bea Sullivan, Joe
Retton, Arthur Puskas, Richard Gilles-
pie, Gonzalo Lopez, as Members of the
Grant Town Council, Defendants Below,
Appellants.

No. 21559.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 28, 1993.

Decided Oct. 15, 1993.

Florence Nine and Dave Nine, pro se.

Ron L. Tucker, Louis J. Palmer, Jr., Fairmont, for defendants.

MILLER, Justice:

 Grant Town, along with its mayor and council, (hereinafter collectively called "Town"), appeals the summary judgment order of the Circuit Court of Marion County entered on August 7, 1992.[1] The circuit court held that the Town's excise tax on public utilities enacted pursuant to W.Va. Code, 8–13–5a (1971),[2] was invalid because it had not been published according to the requirements contained in W.Va.Code, 8–13–13 (1971),[3] which authorizes a municipality to adopt tax ordinances for certain essential or special services. This section requires publication of the ordinance.[4] The circuit court determined that the publication language in W.Va.Code, 8–13–13, required publication af-·ter the ordinance was adopted. Because the Town had only published the ordinance before it was adopted, the circuit court found the ordinance was invalid.

---

1. The Town filed a "motion for reconsideration of order granting summary judgment" with the trial court. The trial court denied that motion. We note that "no provision in the [West Virginia Rules of Civil Procedure] ... allows a motion for reconsideration to be filed." *Rowan v. McKnight,* 184 W.Va. 763, 764 n. 2, 403 S.E.2d 780, 781 n. 2 (1991). However, a motion for relief from judgment or order may be filed pursuant to Rule 60 of the West Virginia Rules of Civil Procedure, and a motion for a new trial or an amendment of judgment may be filed pursuant to Rule 59. *See Lieving v. Hadley,* 188 W.Va. 197, 201, 423 S.E.2d 600, 604 (1992).

2. The pertinent language of W.Va.Code, 8–13–5a, is:

"Every municipality shall have plenary power and authority to levy and collect an excise tax on the privilege of purchasing, using or consuming, within the corporate limits of such municipality, public utility services and tangible personal property from public utilities subject to the jurisdiction of the public service commission of West Virginia. Such tax shall be computed on the basis of an amount not to exceed two percent of the gross amount of each periodic statement rendered such purchasers or consumers by such public utilities[.]"

3. The applicable portion of W.Va.Code, 8–13–13, is:

"Notwithstanding any charter provisions to the contrary, every municipality which furnishes any essential or special municipal service, including, but not limited to, police and fire protection, parking facilities on the streets or otherwise, parks and recreational facilities, street cleaning, street lighting, street maintenance and improvement, sewerage and sewage disposal, and the collection and disposal of garbage, refuse, waste, ashes, trash and any other similar matter, shall have plenary power and authority to provide by ordinance for the installation, continuance, maintenance or improvement of such service, to make reasonable regulations with respect thereto, and to impose by ordinance upon the users of such service reasonable rates, fees and charges to be collected in the manner specified in the ordinance[.]"

4. The applicable language of W.Va.Code, 8–13–13, is:

"Notwithstanding the provisions of section four [§ 8–11–4], article eleven of this chapter, any ordinance enacted or substantially amended under the provisions of this section shall be published as a Class II legal advertisement in compliance with the provisions of article three [§ 59–3–1 et seq.], chapter fifty-nine of this code, and the publication area for such publication shall be such municipality."

The Town contends that the general publication provisions in W.Va.Code, 8–11–4(a)(2) (1969), are applicable. This provision requires that a revenue ordinance must be published "[a]t least five days before the meeting at which a proposed ordinance . . . is to be finally adopted[.]"[5] The Town also argues that only the revenue ordinances set out in W.Va.Code, 8–13–13, are covered by its separate publication provision and that the Town's excise tax on public utilities authorized under W.Va.Code, 8–13–5a, is not within the Section 13 categories.

We agree with these contentions. First, as a preliminary matter with regard to the publication of an ordinance, we stated in *City of Moundsville v. Yost*, 75 W.Va. 224, 228, 83 S.E. 910, 912 (1914), that the purpose of publication is "to protect the property owners liable to special assessment as well as the general taxpayers by ample notice[.]" The chief purpose of any publication is to give advance notice of the occurrence of an event. This is to allow interested citizens to have a voice in the matter, and, in the case of an ordinance, to influence its passage or defeat. *See generally* 5 E. McQuillin, *The Law of Municipal Corporations* § 16.76 (3d ed. & 1989 Rev.). We recognized in *Hager v. Melton*, 66 W.Va. 62, 66 S.E. 13 (1909), that it is permissible to specifically require that an ordinance, after its adoption, not take effect until publication has been made. However, in the absence of express language requiring publication after a statute or ordinance has been passed, we concluded that a general statutory requirement for publication should be construed to require advance publication before its adoption.

■ Thus, with regard to the publication requirements of W.Va.Code, 8–13–13, because the statute is silent as to when publication should be made with regard to the adoption of an ordinance, the general rule is that publication should be done in advance of the passage of the ordinance. This will achieve the requisite advance notice to interested citizens.

■ We also find that W.Va.Code, 8–13–13, does not apply to a public utility tax enacted under W.Va.Code, 8–13–5a. There are a number of cases that have been decided under W.Va.Code, 8–13–13. These cases indicate that the purpose of W.Va.Code, 8–13–13, is to allow municipalities to enact tax ordinances to defray the cost of certain municipal services and to impose the tax on its citizens who are users of such services. *See, e.g., City of Fairmont v. Pitrolo Pontiac-Cadillac Co.*, 172 W.Va. 505, 308 S.E.2d 527 (1983), *cert. denied*, 466 U.S. 958, 104 S.Ct. 2169, 80 L.Ed.2d 553 (1984); *Ellison v. City of Parkersburg*, 168 W.Va. 468, 284 S.E.2d 903 (1981); *State ex rel. Plymale v. City of Huntington*, 147 W.Va. 728, 131 S.E.2d 160 (1963); *McCoy v. City of Sistersville*, 120 W.Va. 471, 199 S.E. 260 (1938). These cases do not indicate that W.Va.Code, 8–13–13, applies to every tax ordinance that may be adopted by a municipality.

■ The plain language of W.Va.Code, 8–13–13, recognizes the general publication provisions of W.Va.Code, 8–11–4(a)(2),[6] but foregoes that publication requirement in favor of the more stringent publication requirements of Class II legal advertisements, i.e., publication once a week for two successive

5. The complete text of W.Va.Code, 8–11–4(a)(2), is:

"At least five days before the meeting at which a proposed ordinance, the principal object of which is the raising of revenue for the municipality, is to be finally adopted, the governing body shall cause notice of the proposed adoption of said proposed ordinance to be published as a Class I–0 legal advertisement in compliance with the provisions of article three [§ 59–3–1 et seq.], chapter fifty-nine of this code, and the publication area for such publication shall be the municipality. The notice shall state the subject matter and general title or titles of such proposed ordinance, the date,

time and place of the proposed final vote on adoption, and the place or places within the municipality where such proposed ordinance may be inspected by the public. A reasonable number of copies of the proposed ordinance shall be kept at such place or places and be made available for public inspection. Said notice shall also advise that interested parties may appear at the meeting and be heard with respect to the proposed ordinance."

6. Under W.Va.Code, 8–11–4(a)(2), *see* note 5, *supra*, publication is to be by a Class I–0 legal advertisement, that, pursuant to W.Va.Code, 59–3–2(b) (1967), must be published one time.

weeks.[7] It is clear from the foregoing statutory language that the publication requirements in W.Va.Code, 8–13–13, are only applicable to municipal ordinances imposing taxes that are authorized by that section.

██ Moreover, W.Va.Code, 8–13–5a, is one of a number of tax revenue sources permitted to be utilized by municipalities.[8] In none of these sections are there any specific requirement for publication. If the legislature intended to require an ordinance adopted under these sections, such as W.Va.Code, 8–13–5a, to be subject to the publication standards set out in W.Va.Code, 8–13–13, it could have referenced that section. In the absence of any specific publication requirements within W.Va.Code, 8–13–5a, the general publication provisions of W.Va.Code, 8–11–14(a)(2), are applicable to the enactment of a municipal tax ordinance under W.Va.Code, 8–13–5a.

██ Finally, we do not think it can be argued that the Town's tax on public utilities is a service tax under W.Va.Code, 8–13–13, requiring the publication standards enunciated therein to be followed. When the language of W.Va.Code, 8–13–5a, is examined, it is clear that what is levied is an *excise tax* which is collected by the utility from its customers within the municipality.[9] This tax does not fall within W.Va.Code, 8–13–13, which relates to taxes raised by a municipality that furnishes services to its citizens. Rather, the tax imposed under W.Va.Code, 8–13–5a, is on utility services supplied by public utilities not owned by the municipality. This service is supplied not through any labor or cost to the municipality, and even the collection of the tax is performed by the utility.

The legislature's language under W.Va. Code, 8–13–13, is based on the premise that a municipality incurs some expense for furnishing, installing, continuing maintenance, or improving a service it renders to its citizens.[10] This type of service tax is distinguishable from the legislature's authorization of a specific amount of tax revenue collected by a municipality for an activity conducted by a third party within the municipality. This distinguishing characteristic is the hallmark of the tax outlined in W.Va.Code, 8–13–5a, and related sections of Article 13.[11] The taxes authorized by W.Va.Code, 8–13–13, are not limited to a specific statutory amount and are borne directly by the citizens of the municipality. Because of their more severe impact, it seems logical for the legislature to require a longer period of publication before the tax ordinance could be adopted. This same logic would explain the citizens' right to a referendum under W.Va.Code, 8–13–13.[12]

7. *See* note 4, *supra*, for the pertinent text of W.Va.Code, 8–13–13.

8. The following taxes are listed in the chapter index to W.Va.Code, 8–13–1, *et seq:*

W.Va.Code, 8–13–1: General property and benefit taxes
W.Va.Code, 8–13–3: Hotel occupancy tax
W.Va.Code, 8–13–4: Municipal license
W.Va.Code, 8–13–5: Business and occupation or privilege tax
W.Va.Code, 8–13–5a: Public utilities tax
W.Va.Code, 8–13–6: Amusement tax
W.Va.Code, 8–13–7: Tax on purchases of intoxicating liquors
W.Va.Code, 8–13–8: License tax on horse racing and dog racing
W.Va.Code, 8–13–9: Motor vehicle operator's tax
W.Va.Code, 8–13–10: Domestic animal tax
W.Va.Code, 8–13–11: Preservation of prior tax powers

9. The relevant language of W.Va.Code, 8–13–5a, is:

"Every municipality shall have plenary power and authority to levy and collect an excise tax on the privilege of purchasing, using or consuming, within the corporate limits of such municipality, public utility services.... Such purchasers or consumers shall pay to such public utilities the amount of the tax levied pursuant to this section which shall be added to and constitute a part of the cost of the service or property so purchased or consumed and shall be collectible as such by said public utilities who shall account to the municipality levying same for all tax paid by such purchasers or consumers pursuant to the provisions of any ordinance imposing such tax."

10. See note 3 for the applicable language of W.Va.Code, 8–13–13.

11. See note 8, *supra*, for a listing of these taxes. The one exception, where no limit on the tax was imposed, is W.Va.Code, 8–13–10, the license tax on a domestic animal.

12. The referendum language in W.Va.Code, 8–13–13, is:

"In the event thirty percent of the qualified voters of the municipality by petition duly

■ Thus, we conclude that the utility excise fee outlined in W.Va.Code, 8–13–5a, is a separate and distinct tax from the categories of taxes contained in W.Va.Code, 8–13–13. There is no question that the Town published its ordinance properly under W.Va. Code, 8–11–4(a)(2). We, therefore, find that the Circuit Court of Marion County erred in holding the Town's ordinance invalid, and, consequently, we reverse its judgment.

Reversed.

signed by them in their own handwriting and filed with the recorder of the municipality within fifteen days after the expiration of such publication protest against such ordinance as enacted or amended, the ordinance shall not become effective until it shall be ratified by a majority of the legal votes cast thereon by the qualified voters of such municipality at a regular municipal election or special municipal election, as the governing body shall direct."